**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

DENNIS TADIO,
            *Defendant-Appellant.*

No. 10-10144

D.C. No.
1:07-cr-00486-HG-1

OPINION

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, Senior District Judge, Presiding

Argued and Submitted
February 15, 2011—Honolulu, Hawaii

Filed November 21, 2011

Before: A. Wallace Tashima, William A. Fletcher, and
Marsha S. Berzon, Circuit Judges.

Opinion by Judge William A. Fletcher

**COUNSEL**

Harlan Yoshito Kimura, Honolulu, Hawaii, for the appellant.

Thomas J. Brady, OFFICE OF THE UNITED STATES ATTORNEY, Honolulu, Hawaii, for the appellee.

**OPINION**

W. FLETCHER, Circuit Judge:

Federal Rule of Criminal Procedure 35(b) authorizes a district court, on the government's motion, to reduce a defendant's sentence "if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." The question in this case is whether a district court may consider factors other than a defendant's substantial assistance in determining the amount of a Rule 35(b) sentence reduction. We hold that once a district court determines that a defendant has provided substantial assistance to the govern-

ment, the court may consider factors other than assistance, including those listed in 18 U.S.C. § 3553(a), in order to ensure that the sentence ultimately imposed accords with the purposes of sentencing that Congress has articulated. *See* § 3553(a)(2). The sentence imposed must be related to the degree of assistance rendered, but a district court may consider non-assistance factors in awarding a reduction, whether that reduction is greater than, less than, or equal to the reduction that a defendant's assistance, considered alone, would warrant.

Here, after considering federal prisoner Dennis Tadio's offense conduct and criminal history, the district court granted a sentence reduction of 24 months, which is what the government had requested based on Tadio's assistance. Tadio appeals, contending first that the district court erred by considering non-assistance factors when it decided on the length of the sentence reduction, and second that the district court assigned too low a value to the assistance he provided. The government contends that the district court did not err in considering the non-assistance factors when it decided whether to grant a sentence reduction greater than what Tadio's assistance, considered alone, warranted. The government also argues that if the district court applied the appropriate legal standard under Rule 35(b), we lack jurisdiction to review the court's exercise of discretion in choosing the length of the sentence reduction. We agree with the government and the district court. Because the district court applied the correct legal standard in this case, we affirm its consideration of non-assistance factors and dismiss Tadio's challenge to the length of the sentence reduction.

## I.  Factual and Procedural Background

In November 2007, Dennis Tadio pled guilty to one count of witness intimidation, in violation of 18 U.S.C. § 1512(b)(1), after threatening a witness who was to testify in the federal murder prosecution of some of Tadio's criminal

associates. The U.S. Probation Officer prepared Tadio's Pre-sentence Investigation Report ("PSR") in January 2008. The PSR calculated an Offense Level of 27. After assessing criminal history points for state convictions for second-degree assault, prohibited possession of a firearm, unauthorized control of a propelled vehicle, second-degree terroristic threatening, and first-degree criminal trespass, the PSR placed Tadio in Criminal History Category V. That combination yielded a Guidelines range of 120-150 months. Because the statutory maximum sentence for witness intimidation was then 10 years, 18 U.S.C. § 1512(b) (2000) (amended in 2002 and 2008), Tadio's advisory Guidelines "range" became 120 months. *See* U.S.S.G. § 5G1.1(c)(1).

After his arrest, Tadio assisted the government in prosecuting several of his former criminal associates. To reward Tadio's cooperation, the government moved prior to sentencing for a downward departure to a Guidelines range of 70-87 months. *See* U.S.S.G. § 5K1.1. In March 2008, the district court granted the government's motion and sentenced Tadio to 87 months.

Tadio continued to cooperate after sentencing. He provided credible trial testimony that resulted in several convictions. The government acknowledges that Tadio's testimony was given "at great risk to his own personal safety." While incarcerated at federal facilities in California and Hawaii, Tadio received both direct and indirect threats of physical violence. To reward Tadio's continued cooperation, the government moved in January 2010, pursuant to Fed. R. Crim. P. 35(b)(2)(B), to reduce Tadio's sentence by an additional 24 months. Tadio countered by proposing a reduction of 48 months, arguing that the government's Rule 35(b) motion failed adequately to capture both the significance of his assistance and the danger he had courted by cooperating. Tadio also asserted that other people who cooperated in the prosecution of his former criminal associates "received far greater

reductions in their sentences even though their testimonies were not as valuable to the Government."

The district court granted the government's motion and reduced Tadio's sentence by 24 months, resulting in a 63-month sentence. The court explained:

> [T]he Defendant substantially assisted the Government in the investigation and prosecution of criminal activity. A reduction of Defendant's sentence pursuant to Rule 35(b)(2)(B) is appropriate. Based on the nature of Defendant's cooperation, the Court grants a sentence reduction of 24 months. Given the circumstances of Defendant's criminal conduct, and Defendant's prior criminal history, the Court finds a reduction of 24 months to be consistent with the Sentencing Guidelines and the Sentencing Commission's policy statements.

Tadio moved for reconsideration, arguing that the district court erred by considering factors other than his substantial assistance — namely, "the circumstances of [his] criminal conduct, and [his] criminal history" — when it determined the extent of the sentence reduction. Relying on *United States v. Doe*, 351 F.3d 929, 933 (9th Cir. 2003), the court concluded that "Tadio's criminal conduct, as well as his prior criminal history and previous sentencing reductions" were "relevant factors that may be weighed when considering a Rule 35(b) motion." The court denied Tadio's motion for reconsideration and left his 63-month sentence in place.

Tadio timely appealed.

## II.   Standard of Review

We determine the existence of our own jurisdiction *de novo*. *Saavedra-Figueroa v. Holder*, 625 F.3d 621, 623 (9th Cir. 2010). We review the legal question whether a particular

factor may be considered in deciding a Rule 35(b) motion *de novo*. *Doe*, 351 F.3d at 932.

### III.   Discussion

### A.   Appellate Jurisdiction

We first consider the government's argument that we lack appellate jurisdiction. "[T]he exclusive avenue of appeal of rulings on Rule 35(b) motions is 18 U.S.C. § 3742." *United States v. Montalvo*, 581 F.3d 1147, 1150 (9th Cir. 2009) (quoting *United States v. Arishi*, 54 F.3d 596, 599 (9th Cir. 1995)). Section 3742(a)(1) provides that a defendant may obtain review of a sentence that "was imposed in violation of law." In *Doe*, we held that § 3742(a)(1) conferred jurisdiction to review the denial of a Rule 35(b) motion where the defendant had argued "that his sentence was imposed in violation of law because the district court considered factors other than his substantial assistance to the government." 351 F.3d at 932. Tadio advances the same argument. We conclude, as we did in *Doe*, that jurisdiction is proper under § 3742(a)(1). *See also, e.g.*, *United States v. Grant*, 636 F.3d 803, 809 (6th Cir. 2011) (en banc) (jurisdiction proper under § 3742(a)(1) where defendant argues that "the district court committed an error of law by misapprehending the factors it was allowed to consider in deciding the Rule 35(b) motion"); *United States v. Chapman*, 532 F.3d 625, 628-29 (7th Cir. 2008); *United States v. Manella*, 86 F.3d 201, 202-03 (11th Cir. 1996).

We agree with the government that if the district court's consideration of factors other than Tadio's substantial assistance was proper, such that the sentence imposed was not "in violation of law," we lack jurisdiction to review the court's exercise of its discretion in choosing the amount of the sentence reduction awarded. *See United States v. Pedroza*, 355 F.3d 1189, 1190-91 (9th Cir. 2004) (per curiam) (no jurisdiction under § 3742 to review defendant's claim that district court "abused its discretion by failing to reduce his offense

level, and consequently his sentence, to a degree that he believes properly reflects the assistance he provided to the government"); *Doe*, 351 F.3d at 932; *Arishi*, 54 F.3d at 597-98. We therefore dismiss Tadio's challenge to the amount of sentence reduction that his assistance warranted and confine our review to Tadio's argument that the district court, by considering factors other than his substantial assistance, imposed a sentence "in violation of law." *See, e.g.*, *Chapman*, 532 F.3d at 628.

## B.    Factors that May Be Considered in Deciding a Rule 35(b) Motion

**[1]** A district court "generally 'may not modify a term of imprisonment once it has been imposed.' " *Dillon v. United States*, 130 S. Ct. 2683, 2687 (2010) (quoting 18 U.S.C. § 3582(c)). However, Congress has provided several exceptions to this general rule. One exception is that a district court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Rule 35(b)(1) provides that "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating another person." Rule 35(b)(2)(B), the subsection under which the district court reduced Tadio's sentence, provides that "[u]pon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved . . . information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing."

Tadio argues that the district court improperly weighed his offense conduct, his prior criminal history, and the § 5K1.1 departure he received at his initial sentencing in deciding to limit his sentence reduction to 24 months. In Tadio's view,

Rule 35(b) does not allow a court "to rely upon the 18 U.S.C. § 3553(a) sentencing factors a second time in determining the amount of reduction pursuant to the Rule 35(b) motion, the first time being at the original sentencing hearing." The government responds that a district court cannot "rule in a vacuum, absent critical factors," and that Rule 35(b) "does not prohibit the consideration of [the 18 U.S.C.] § 3553(a) factors in deciding to what extent a defendant's sentence should be reduced for substantial assistance." We agree with the government.

A number of courts have considered the question whether factors other than a defendant's substantial assistance, including the 18 U.S.C. § 3553(a) factors, may be considered in deciding a Rule 35(b) motion, and, if so, how those factors may be used. *See, e.g.*, *United States v. Clawson*, 650 F.3d 530 (4th Cir. 2011); *United States v. Grant*, 636 F.3d 803 (6th Cir. 2011) (en banc); *United States v. Shelby*, 584 F.3d 743 (7th Cir. 2009); *United States v. Poland*, 562 F.3d 35 (1st Cir. 2009), *aff'g* 533 F. Supp. 2d 199 (D. Me. 2008); *United States v. Chapman*, 532 F.3d 625 (7th Cir. 2008); *United States v. Manella*, 86 F.3d 201 (11th Cir. 1996); *United States v. Park*, 533 F. Supp. 2d 474 (S.D.N.Y. 2008). The question has proved surprisingly difficult.

Courts all agree that substantial assistance is a prerequisite to Rule 35(b) relief. *See, e.g.*, *Clawson*, 650 F.3d at 537 ("[W]hen deciding whether to grant a Rule 35(b) motion, a district court may not consider any factor other than the defendant's substantial assistance to the government."); *Grant*, 636 F.3d at 816 ("When faced with a Rule 35(b) motion, the district court must initially decide whether the defendant did in fact render substantial assistance. If he did not, the motion is denied. The explicit language of the rule permits relief only 'if' there has been substantial assistance."); *Park*, 533 F. Supp. 2d at 476 (" '[S]ubstantial assistance' is the only event that can trigger the court's authority to reduce the sentence.").

However, courts do not agree on the proper role played by non-assistance factors in determining the extent of a sentence reduction once a defendant has satisfied the substantial assistance criterion of Rule 35(b). The Eleventh Circuit in *Manella* held that a district court may apply non-assistance factors to award a lesser sentence reduction than a defendant's assistance alone warrants or to award no reduction at all, but may not apply these factors in deciding whether to order a greater reduction. *Manella*, 86 F.3d at 204. That is, under *Manella* the non-assistance factors function as a one-way ratchet. More recently, over a dissent, the Seventh Circuit in *Shelby* held the same thing. 584 F.3d at 745, 748-49; *see also Chapman*, 532 F.3d at 629-30. The Sixth Circuit sitting en banc in *Grant* recently held, over several dissents, that "the § 3553(a) factors have no role in Rule 35(b) proceedings" and that any Rule 35(b) reduction "may not exceed the value of the assistance." *Grant*, 636 F.3d at 816. But the court in *Grant* held that a district court may consider non-assistance factors similar to those listed in § 3553(a) — for example, a defendant's relative culpability, his "capacity for abiding by the law," and the degree to which a defendant poses a "threat to society" — to award a lesser reduction than the defendant's assistance alone would warrant. *Id.* at 817. As in *Manella* and *Shelby*, these non-assistance factors operate as a one-way ratchet. The First Circuit has held that a Rule 35(b) sentence reduction "must reflect only the assistance provided," but its holding was limited to "re-sentence adjustments that go below the statutory mandatory minimum." *Poland*, 562 F.3d at 41 (citing 18 U.S.C. § 3553(e)). The Fourth Circuit has noted disagreement among courts but has reserved the question. *Clawson*, 650 F.3d at 532 n.1. Then-District Judge Chin, who now sits on the Second Circuit, has held that "once the court determines that the defendant has provided substantial assistance, the court may consider other factors as well — including all the [§] 3553(a) factors — in deciding the extent to which the defendant's sentence will be reduced." *Park*, 533 F. Supp. 2d at 479. He rejected as "not logical" the position "that a district court may consider § 3553(a) factors when they militate

*against* a larger reduction but not when they *favor* a larger reduction." *Id.* at 478 (emphasis in original).

**[2]** We agree with the unanimous view of the federal courts that a district court may not grant a Rule 35(b) motion unless a defendant has provided substantial assistance to the government. And we agree with those courts that allow the district court to consider the full range of factors referenced in § 3553(a) when determining the amount to reduce a sentence under a Rule 35(b) motion. However, unlike courts that have held that non-assistance factors operate as a one-way ratchet, we see no basis for that limitation. Instead, we adopt a symmetrical rule, under which the district court may consider the non-assistance factors listed in § 3553(a) when determining how much to reduce a defendant's sentence, irrespective of the direction in which those factors cut.

The first step of the Rule 35(b) analysis is to determine whether the defendant has offered substantial assistance sufficient to trigger a district court's authority to reduce a sentence. *See, e.g.*, *Pepper v. United States*, 131 S. Ct. 1229, 1248 n.15 (2011) ("[A] defendant with nothing to offer the Government can gain no benefit from Rule 35(b)."); *Clawson*, 650 F.3d at 537 (reversing grant of Rule 35(b) motion where district court "made no finding regarding [the defendant's] assistance to the government" but instead granted motion based "solely on its findings that [the defendant] would not receive adequate medical care in prison, and that he did not pose a danger to the community"). At this step, the district court does not consider the facts of the defendant's crime, the defendant's personal characteristics, or any other § 3553(a) factors.

**[3]** If a defendant has provided substantial assistance, the court proceeds to the second step and determines the extent to which the defendant's sentence should be reduced. At this step, the non-assistance factors of § 3553(a) properly guide a district court's exercise of its discretion in determining the

extent of the reduction. Every court that has addressed the question has concluded that a court may consider at least some non-assistance factors at this step. *Grant*, 636 F.3d at 816-17; *Shelby*, 584 F.3d at 748-49; *Chapman*, 532 F.3d at 629-30; *Manella*, 86 F.3d at 204; *Park*, 533 F. Supp. 2d at 476. *But cf. Poland*, 562 F.3d at 41 (limiting its assistance-only holding to Rule 35(b) sentence reductions "that go below the statutory mandatory minimum"). The Seventh Circuit has stated, "[T]he judge must reserve the right to condition the grant of a Rule 35(b) motion, in whole or in part, on its consistency with the statutory sentencing factors, in order to make sure that the reduced sentence is not unjust." *Shelby*, 584 F.3d at 748. The court explained:

> The judge cannot impose an illegal sentence. He therefore cannot impose a sentence that is inconsistent with the statutory sentencing factors. If the government said, "although the defendant is a mass murderer sentenced to life in prison and has served only two years of his sentence, he has given us such great information that we recommend that his sentence be reduced to time served," the judge would not be bound.

*Id.*; *compare with* 18 U.S.C. § 3553(a)(2)(A) (sentencing court must consider "the need for the sentence imposed [ ] to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"). Although it was applying a more limited list of non-assistance factors, the Sixth Circuit similarly described the importance of assessing a sentence reduction in the context of pertinent facts about the offense and the offender. *See Grant*, 636 F.3d at 817 ("[T]he extent of the reduction might be tempered by other factors affecting the valuation. . . . For example, a district court might recognize that a defendant's assistance is of extremely high value but also recognize that fully valuing the cooperation would give the defendant a sentence much lower than co-defendants who were far less culpable."); *compare*

*with* 18 U.S.C. § 3553(a)(6) (sentencing court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").

**[4]** We agree with those courts that have held that all of the factors of § 3553(a) may be considered, to the degree they are relevant, in determining the extent of a sentence reduction under Rule 35(a). We have already disagreed with the Sixth Circuit's conclusion in *Grant* that only a few non-assistance factors may be considered. *See Doe*, 351 F.3d at 933 (upholding the district court's consideration of § 3553(a) factors when it denied a Rule 35(b) reduction despite the defendant's substantial assistance). As a practical matter, it may turn out that the difference between the list of § 3553(a) factors and the list of factors enumerated in *Grant* is not all that great. But to the degree that there is a practical difference, we believe that there is no reason, once non-assistance factors are allowed to influence the district court's decision, to restrict those non-assistance factors to a shorter list than Congress has indicated in § 3553(a) are relevant to sentencing decisions.

A related question is whether the non-assistance factors that may be used when granting a Rule 35(b) motion are limited to those that support a lesser rather than a greater sentence reduction. We part company with those courts that have so limited the district court's consideration of non-assistance factors, thereby creating a one-way ratchet.

In determining whether and how a district court may consider § 3553(a) factors when assessing the amount of a Rule 35(b) sentence reduction, we begin with the text of Rule 35(b). *See United States v. Fort*, 472 F.3d 1106, 1110 (9th Cir. 2007) ("[A]n appellate court must look first to the plain meaning of the text when interpreting a Federal Rule of Criminal Procedure[.]") (citation omitted). Rule 35(b)(1) now provides that "the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigat-

ing or prosecuting another person." Rule 35(b)(2) provides similarly that "the court may reduce a sentence if the defendant's substantial assistance" complies with certain criteria.

**[5]** When originally adopted as part of the Sentencing Reform Act of 1984, Rule 35(b) provided:

> The court, on motion of the Government, may within one year after the imposition of a sentence, lower a sentence *to reflect a defendant's subsequent, substantial assistance* in the investigation or prosecution of another person who has committed an offense, to the extent that such assistance is a factor in applicable guidelines or policy statements issued by the Sentencing Commission . . . .

Sentencing Reform Act of 1984, Pub. Law No. 98-473, § 215(b), 98 Stat. 1837, 2015-16 (1984) (emphasis added). In 2002, an amendment to Rule 35(b) removed the language providing that the reduction of a defendant's sentence within one year of the entry of the original sentence should "reflect" a defendant's substantial assistance. The new text provides only that the district court may reduce a sentence "if" a defendant has provided substantial assistance. *See* Fed. R. Crim. P. 35(b)(1) (previously Rule 35(b)). The Advisory Committee Note states that the change was "intended to be stylistic only." Adv. Comm. Note, 2002 Amendments to Fed. R. Crim. P. 35. The 2002 amendments also added a new subsection to Rule 35(b) clarifying the circumstances under which a court could reduce a sentence for substantial assistance provided more than one year after the original sentencing. *See id.* (discussing Rule 35(b)(2)). This is the subsection under which Tadio moved for a reduction in sentence. Like Rule 35(b)(1), Rule 35(b)(2) provides only that the district court may reduce the original sentence "if" the defendant has provided substantial assistance. Because Rule 35(b)(2) was a new subsection, there was never an earlier version that contained the "reflect" language of the original Rule 35(b).

There are three possible readings of the language of the original Rule 35(b). The first is that the "reflect" language means that the amount of the sentence reduction under the rule must be based *only* on the amount of assistance provided. This is how parallel language in § 3553(e), dealing with reductions in mandatory minimum sentences, has been read by the courts of appeals. *See* § 3553(e) ("Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."); *United States v. Auld*, 321 F.3d 861, 867 (9th Cir. 2003); *United States v. Ahlers*, 305 F.3d 54, 60 (1st Cir. 2002); *United States v. Rabins*, 63 F.3d 721, 727 (8th Cir. 1995). On this reading, "reflect" means something like "precisely calibrated to the degree of." However, outside of the mandatory minimum context, all courts to consider the question have held that Rule 35(b) allows a district court to consider non-assistance factors, at least to some extent, in determining the amount of a sentence reduction triggered by a defendant's substantial assistance.

The second possible reading is that the "reflect" language means that a district court may limit the amount of a sentence reduction based on the amount of assistance by taking into account non-assistance factors relevant to the defendant. Under this reading, the district court may consider non-assistance factors in deciding whether to grant a sentence reduction equal to or less than the amount warranted by the defendant's assistance considered alone. In other words, under this reading, "reflect" means to "take into account." But also, under this reading, the district court may never grant a sentence reduction in an amount greater than that warranted by the defendant's assistance, even if non-assistance factors might have led the district court to grant a greater reduction. Although this reading results in an odd, asymmetrical application of Rule 35(b), in which non-assistance factors operate as a one-way ratchet, most courts have read the "reflect" lan-

guage, and the 2002 amendments, in this fashion. *See*, *e.g.*, *Grant*, 636 F.3d at 816-17; *Shelby*, 584 F.3d at 745, 748-49; *Manella*, 86 F.3d at 204.

The third possible reading is that the "reflect" language means that the court may determine the amount of a sentence reduction in light of the assistance the defendant has provided, in combination with non-assistance factors relevant to the defendant. Again, under this reading, "reflect" means to "take into account." But under this reading non-assistance factors may be used to grant a sentence reduction greater than, less than, or the same as the reduction that would be warranted by the defendant's assistance considered alone. Rule 35(b) operates symmetrically under this reading, and non-assistance factors do not function as a one-way ratchet. Two dissenting court of appeals judges and one district court judge have read Rule 35(b) in this fashion. *See Grant*, 636 F.3d at 824-26 (Clay, J., dissenting); *helby*, 584 F.3d at 750-51 (Evans, J., dissenting); *Park*, 533 F. Supp. 2d at 475, 478-79.

**[6]** It is clear from the 2002 amendments — which substituted for the "reflect" language the phrase "may reduce a sentence *if*" (emphasis added) — that substantial assistance is a prerequisite to the granting of a Rule 35(b) motion. There is nothing in the current language of the rule, however, that even arguably requires a district court to determine the amount of sentence reduction based only on the amount of assistance provided. And there is nothing in the current language suggesting that non-assistance factors should operate as a one-way ratchet. The most natural reading of the current language is that non-assistance factors may be considered, along with the amount of assistance, in determining the amount of sentence reduction, and that non-assistance factors may be considered symmetrically to allow a reduction that is either more or less than the reduction that the assistance, considered alone, would warrant. That natural reading is in no way inconsistent with the stylistic-only purpose of the 2002 amendments because it conforms with the third possible reading of

the original language of Rule 35(b). We conclude that this interpretation of the current rule is the appropriate reading.

Reinforcing this conclusion, Rule 35(b) was further amended in 2007 to eliminate the requirement that "reducing the sentence accord[ ] with the Sentencing Commission's guidelines and policy statements." *See Grant*, 636 F.3d at 825 (Clay, J., dissenting) (citing Fed. R. Crim. P. 35(b)(1)(B) (2006)). (We note that the district court in this case was under the impression that this language is still in the rule.) The Advisory Committee Note states that the amendment "conforms Rule 35(b)(1) to the Supreme Court's decision in [*Booker*]," which " 'requires a sentencing court to consider Guidelines ranges, . . . but . . . permits the court to tailor the sentence in light of other statutory concerns as well.' " Adv. Comm. Note, 2007 Amendments to Fed. R. Crim. P. 35 (quoting *United States v. Booker*, 543 U.S. 220, 245 (2005) (majority op. of Breyer, J.)) (internal citation omitted). The Note explained that subsection (b)(1)(B) "has been deleted because it treats the guidelines as mandatory." *Id.* We infer from the deletion of subsection (b)(1)(B) that the Advisory Committee anticipated that district courts would enjoy greater latitude to "tailor" sentence reductions "in light of other statutory concerns" than substantial assistance considered alone. *See Grant*, 636 F.3d at 825 (Clay, J., dissenting) ("This discussion, in the context of Rule 35(b), supports the view that the elimination of Rule 35(b)(1)(B) was intended to prevent limiting the district court's consideration to only substantial assistance. It also suggests that the Advisory Committee contemplated that a district court may apply the § 3553(a) factors in the context of a Rule 35(b) motion."); *Park*, 533 F. Supp. 2d at 476-77. The Sentencing Commission had recommended that the Advisory Committee Note "clarify that the changes are not intended to enlarge the bases of what a court may consider before imposing a post-sentence reduction." *Poland*, 533 F. Supp. 2d at 216. The Advisory Committee declined to adopt the Commission's recommendation, which of course suggests that the changes were indeed intended to "enlarge

the bases" that a district court may consider when deciding the amount of a sentence reduction. *Id.*

Our reading of Rule 35(b) is consistent with our decision in *Doe*. In *Doe*, we concluded that a district court could use § 3553(a) non-assistance factors in determining the amount of sentence reduction under Rule 35(b). 351 F.3d at 933. The non-assistance factors were used in that case to produce a lesser sentence reduction than would have been awarded based solely on the amount of assistance. Our opinion in *Doe* relied on an Eleventh Circuit case, *Manella*, 86 F.3d 201, which distinguished an earlier Eleventh Circuit case, *United States v. Chavarria-Herrara*, 15 F.3d 1033 (11th Cir. 1994), by holding that non-assistance factors could be used to produce a lesser, but not a greater, sentence reduction. But *Doe* did not directly address the symmetry question. Instead, it held only that "in denying a Rule 35(b) motion, a district court's consideration of relevant factors other than a defendant's substantial assistance to the government is a proper exercise of its discretion." 351 F.3d at 933.

For several reasons, we decline to transform the brief discussion of and partial reliance on an out-of-circuit case in *Doe* into a holding of this court. First, the actual holding of *Doe*, as quoted above, does not address whether positive non-assistance factors can be taken into account when determining the amount of a sentence reduction. Second, as we explain in this opinion, we believe the proper reading of Rule 35(b) is that non-assistance factors can be used in both directions when determining the sentence reduction amount. Third, we note that the original "reflect" language of Rule 35(b) governed the outcome in *Doe*, and that our opinion in that case did not address either the clarification of that language in the 2002 amendments, or the reinforcement of that clarification in the 2007 amendments.

**[7]** We also hold that Rule 35(b) permits, rather than requires, consideration of non-assistance factors. That is, the

district court may, rather than must, apply the § 3553(a) factors when determining the proper amount of a sentence reduction triggered by a defendant's substantial assistance. *See Grant*, 636 F.3d at 817 ("One district judge might decline to consider the contextual factors we mention; another might deem them useful. The choice is that of the district court."). This reading is consistent with the plain language of the current rule, which repeatedly uses "may" to describe the court's discretion in considering the government's Rule 35(b) motion. *See, e.g.*, Fed. R. Crim. P. 35(b)(3) ("[T]he court *may consider* the defendant's presentence assistance." (emphasis added)). The rule's discretionary language contrasts with the court's statutory duty to consider § 3553(a) factors when imposing an original sentence. *See* 18 U.S.C. § 3553(a) ("The court, in determining the particular sentence to be imposed, *shall consider* . . . ." (emphasis added)). Other courts agree that consideration of non-assistance factors in Rule 35(b) motions is permissive, rather than mandatory. *See Grant*, 636 F.3d at 815-16 ("We reject the argument that a district court must consider § 3553(a) factors in connection with a Rule 35(b) motion."); *Park*, 533 F. Supp. 2d at 477 ("[T]he case law from outside the Circuit suggests that a court *may* consider all [§] 3553(a) factors in deciding the extent of a Rule 35(b) reduction." (emphasis added)).

**[8]** In sum, we agree with the government that "[a]s amended, Rule 35(b) permits a post-sentence reduction *if* the Government so moves and *if* there is substantial assistance," and that the district court acted properly when it considered non-assistance factors in deciding whether to grant a greater sentence reduction than warranted by Tadio's assistance alone. We conclude that the text of Rule 35(b) does not restrict a district court's discretion by allowing the district court to apply the § 3553(a) factors only to grant a lesser reduction than that which the defendant's assistance, considered alone, would warrant. Rather, the current language of the rule indicates that the court may rely on the § 3553(a) factors to move in either direction. This result is consistent with

Supreme Court cases granting, and more recently restoring, sentencing discretion to the district courts, which enjoy a superior "vantage point and day-to-day experience in criminal sentencing" that enables them "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 98, 113 (1996); *see also Booker*, 543 U.S. at 245 (majority op. by Breyer, J.).

We note that our reading of Rule 35(b) has the virtue of transparency. As discussed above, several of our sister circuits require that a sentence reduction under Rule 35(b) "may not exceed the value of the [defendant's] assistance." *Grant*, 636 F.3d at 816. A district judge who believes that a defendant's sentence should be reduced by, say, 24 months based on his substantial assistance, and an additional 6 months based on § 3553(a) factors, might award a 30-month reduction and attribute the reduction entirely to the defendant's substantial assistance. *See Shelby*, 584 F.3d at 751 (Evans, J., dissenting) (noting that a "savvy" district judge "could have given [the defendant] a much greater reduction . . . if only he had confined his stated reasons to the substantial assistance rubric. This is game-playing, and we should not encourage it."). If the district court has stated the correct legal standard when reducing a sentence under Rule 35(b), we have no appellate jurisdiction to review its decision. *See* 18 U.S.C. § 3742; *United States v. Pedroza*, 355 F.3d 1189, 1190-91 (9th Cir. 2004) (per curiam). Recognizing this reality, the Fourth Circuit, after reversing the grant of a Rule 35(b) motion because the district court had failed to make a finding that the defendant had provided substantial assistance, reassigned the case to a different district judge on remand. *Clawson*, 650 F.3d at 539 (explaining that it did so "[b]ecause reconsideration of the Rule 35(b) motion by the original sentencing judge would inevitably invite speculation as to whether [non-assistance factors] continued to play a role in the ultimate ruling"). The Supreme Court has rejected as "institutionalized subterfuge"

rules that encourage district judges to camouflage their sentencing decisions. *See Spears v. United States*, 555 U.S. 261, 266 (2009) (per curiam). Our reading of Rule 35(b) removes the incentive for "institutionalized subterfuge" that would otherwise exist.

We respond to several arguments against our reading of Rule 35(b). First, Tadio argues that allowing a district court to reconsider the § 3553(a) factors already weighed at sentencing "is confusing, unworkable, and penalizes or rewards the defendant twice; once at sentencing and the second time on a Rule 35(b) motion." We disagree. A district court is fully capable of evaluating a Rule 35(b) motion, and the non-assistance factors of § 3553(a), against the backdrop of a defendant's original sentence. The application of these factors will not "cloud[ ] the analytical exercise that the district court must undertake." *Clawson*, 650 F.3d at 537 (quoting *Grant*, 636 F.3d at 818). Courts already have extensive experience with taking the § 3553(a) factors into account when deciding whether to decrease a sentence under Rule 35(b). In many cases, the Rule 35(b) proceeding will likely be uncomplicated and the reduction awarded will reflect only the defendant's substantial assistance. But this will not always be the case. In some instances, for example, a defendant's individual circumstances will have changed, or information that sheds new light on the nature of the offense will have emerged, since the date of sentencing. In others, the substantial assistance itself may throw light onto the § 3553(a) factors considered in the original sentencing, causing the district court to reconsider its evaluation of those factors. Allowing a district court, in the government's words, "to consider a host of factors in determining the extent of the reduction," accords with the longstanding principle that a sentencing court should "make an individualized assessment" of each defendant. *Gall v. United States*, 552 U.S. 38, 50 (2007).

Second, several courts have recognized a temptation to read Rule 35(b) *in pari materia* with 18 U.S.C. § 3553(e). *See*

*Grant*, 636 F.3d at 813-15; *Poland*, 562 F.3d at 40-41. Section 3553(e) provides that

> [u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to [28 U.S.C. § 994].

18 U.S.C. § 3553(e). The relevant Sentencing Commission policy statement, U.S.S.G. § 5K1.1, directs a court to focus on such factors as the "significance and usefulness of the defendant's assistance," the "truthfulness, completeness, and reliability of any information or testimony provided by the defendant," and "any injury suffered, or any danger or risk of injury to the defendant." *Id.* § 5K1.1(a)(1), (2), (4). It is well established in this circuit and others that in reducing a sentence below a mandatory minimum based on substantial assistance under § 3553(e), "[t]he district court may not . . . consider factors unrelated to the defendant's assistance." *United States v. Jackson*, 577 F.3d 1032, 1036 (9th Cir. 2009) (quoting *Auld*, 321 F.3d at 867); *see also Grant*, 636 F.3d at 814 & n.8. Because § 3553(e) and Rule 35(b) deal with the same issue at different stages of the sentencing process, the First Circuit has concluded that Rule 35(b) is subject to the same requirement that a reduction below a mandatory minimum must reflect only a defendant's substantial assistance. *Poland*, 562 F.3d at 40-41. However, we have already declined to read the express limitations of § 3553(e) into Rule 35(b). *See Doe*, 351 F.3d at 933 (contravening the assistance-only principle applied in § 3553(e) cases by allowing consideration of non-assistance factors under Rule 35(b)). The requirements that a Rule 35(b) reduction "reflect" substantial assistance and "accord" with the Sentencing Commission's

Guidelines and policy statements have now been deleted from Rule 35(b). In addition, Tadio was not subject to a statutory mandatory minimum at his original sentencing. Where, as here, a defendant's sentence has never been governed by § 3553(e), we see no basis for importing the restrictions on § 3553(e) relief into a post-sentencing Rule 35(b) proceeding.

Third, the Seventh Circuit has suggested that our approach would "create arbitrary distinctions between similarly situated defendants" because only those defendants on whose behalf the government makes Rule 35(b) motions would have the opportunity to benefit from reapplication of the § 3553(a) factors. *Shelby*, 584 F.3d at 745. The Supreme Court in *Pepper* rejected a similar argument that permitting a resentencing court to consider post-sentencing rehabilitation would " 'inequitably benefit only those who gain the opportunity to be resentenced *de novo*.' " 131 S. Ct. at 1247-48 (quoting U.S.S.G. § 5K2.19 cmt.). The Court acknowledged that resentenced defendants would be treated differently from those who were not resentenced. But that disparity was acceptable because it "arises not because of arbitrary or random sentencing practices, but because of the ordinary operation of appellate sentencing review." *Id.* at 1248; *see also id.* at 1248-49 ("The differences in procedural opportunity that may result because some defendants are inevitably sentenced in error and must be resentenced are not the kinds of 'unwarranted' sentencing disparities that Congress sought to eliminate under § 3553(a)(6)."). Similarly, in Rule 35(b) cases, any disparity arises not because of arbitrary or random resentencing practices, but because of the ordinary operation of a rule that rewards a defendant's assistance to the government. In fact, in this situation, there is less arbitrariness than in *Pepper*. The defendant who has rendered substantial assistance after sentencing is not similarly situated to a defendant who has not. Instead, he is to be rewarded for his assistance, under our interpretation of Rule 35(b), with the opportunity for consideration of § 3553(a) factors.

Finally, the Seventh Circuit has also speculated that our approach would cause the government to "lose control of the sentencing process," with the result that the government "would rarely make [Rule 35(b)] motions any longer," to the detriment of defendants and prosecutors alike. *Shelby*, 584 F.3d at 747; *see also Clawson*, 650 F.3d at 537 (citing *Shelby*). But district courts already have the authority to grant greater Rule 35(b) reductions than the government requests if they conclude that the defendant's assistance was worth more than the government has recommended. The Seventh Circuit concedes that the government "seems content with such a result." *Shelby*, 584 F.3d at 747. The exercise of that authority by district courts has not dissuaded the government from using Rule 35(b) to encourage post-sentencing cooperation. We fail to see why our reading of Rule 35(b), which results in a slightly expanded authority of the district court to grant a greater sentence reduction than recommended by the government, will operate differently.

**[9]** In sum, we hold that once a district court determines that a defendant has provided substantial assistance in the investigation or prosecution of another person, the court may consider the § 3553(a) factors to award a sentence reduction that is greater than, less than, or equal to the reduction that the defendant's assistance, considered alone, would warrant. We caution that a resentencing under Rule 35(b) is not the equivalent of a *de novo* sentencing. The district court is not free to impose whatever sentence it now believes to be just, irrespective of the original sentencing and irrespective of the amount of assistance rendered by the defendant. *Compare with Dillon*, 130 S. Ct. at 2692 ("Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings."). Rather, a Rule 35(b) proceeding is a resentencing in which the starting point is the original sentence, and in which the amount of assistance rendered by the defendant is the triggering factor for any reduction. The district court may properly consider the § 3553(a)

factors in determining the amount of reduction and it may use those non-assistance factors to reduce the sentence by an amount greater than, less than, or the same as what the defendant's assistance, considered alone, would warrant. But the amount of reduction should always be determined in reference to the starting point and by considering the non-assistance factors in combination with the amount of assistance rendered by the defendant.

## Conclusion

**[10]** The district court properly considered § 3553(a) non-assistance factors in determining the amount of Tadio's sentence reduction under Rule 35(b). If a district court applies the correct legal standard under Rule 35(b), we have no jurisdiction to review its exercise of discretion in determining the amount of a sentence reduction. Because the district court applied the correct legal standard in this case, we AFFIRM its consideration of non-assistance factors and DISMISS Tadio's challenge to the amount of his sentence reduction.

**AFFIRMED in part and DISMISSED in part.**