**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50511 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01895-MMM |
| v. | |
| RACHELLE LYNETTE CARLOCK, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. Margaret McKeown, Circuit Judge, Presiding[**]

Submitted February 11, 2013[***]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Rachelle Lynette Carlock appeals from the district court's judgment and

challenges the 120-month sentence imposed following her guilty-plea conviction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable M. Margaret McKeown, United States Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for possession of a destructive device in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(a)(B)(ii); and aiding and abetting, in violation of 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Carlock contends that in granting a downward departure under 18 U.S.C. § 3553(e), the district court should have considered factors unrelated to her substantial assistance, including the 18 U.S.C. § 3553(a) sentencing factors. She argues that the district court's interpretation of section 3553(e) is contrary to the language of the statute and Supreme Court precedent. She further contends that the district court's interpretation creates a perverse incentive for defendants. Carlock's contentions are foreclosed. *See United States v. Tadio*, 663 F.3d 1042, 1054 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2703 (2012); *United States v. Jackson*, 577 F.3d 1032, 1036 (9th Cir. 2009).

Carlock also contends that her sentence is substantively unreasonable in light of section 3553(a)'s parsimony principle. Because the district court was not allowed to further reduce Carlock's sentence on the basis of section 3553(a)'s factors, this contention fails. *See Jackson*, 577 F.3d at 1036.

**AFFIRMED.**