[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12450
Non-Argument Calendar
_____

D.C. Docket No. 4:10-cr-00016-HLM-WEJ-7


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY MORGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 15, 2013)

Before CARNES, HULL, and JORDAN, Circuit Judges.

PER CURIAM:

Tommy Morgan appeals the district court's order granting the government's

motion to reduce his sentence under Federal Rule of Criminal Procedure 35(b)

based upon substantial assistance. On appeal, he argues that the district court misapplied Rule 35(b) by failing to consider factors other than his substantial assistance in reducing his sentence.

Based on the substantial assistance Morgan provided, the government moved for a sentence reduction under 35(b) and recommended that the court reduce Morgan's original sentence of 120 months imprisonment to 102 months. Morgan argued that his assistance warranted a greater reduction and that the court should consider non-assistance factors in deciding whether to order a greater reduction. The court found that Morgan had provided substantial assistance and granted the government's motion, but it declined to consider non-assistance factors. The court reduced Morgan's sentence to 84 months imprisonment. We review de novo the district court's application of law to sentencing. United States v. Manella, 86 F.3d 201, 203 (11th Cir. 1996).

Upon the government's motion, a district court may reduce a sentence "if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1) (2012). In Manella we held that "the only factor that may militate in favor of a Rule 35(b) reduction is the defendant's substantial assistance." 86 F.2d at 204. Morgan acknowledges that Manella is binding case law but contends that it should be reconsidered in light of

2

the intervening amendments to Rule 35(b) and the Supreme Court's recent decision in Pepper v. United States, — U.S. —, 131 S.Ct. 1229 (2011).

Under the prior precedent rule, we are bound to follow a prior panel decision unless it has been overruled by this Court en banc or "has been substantially undermined or overruled by either a change in statutory law or Supreme Court jurisprudence or if it is in conflict with existing Supreme Court precedent." United States v. Gallo, 195 F.3d 1278, 1284 (11th Cir. 1999); see also United States v. Marte, 356 F.3d 1336, 1344 (11th Cir. 2004) ("We are authorized to depart from a prior panel decision based upon an intervening Supreme Court decision only if that decision actually overruled or conflicted with it.") (quotation marks omitted).

Morgan relies on two sets of revisions that have been made to Rule 35 since Manella. In 2002 the language of Rule 35 was amended for "stylistic" purposes. Fed. R. Crim. P. 35 Advisory Committee's Note, 2002 Amendments. The language of Rule 35(b) was changed from permitting the court to lower a sentence "to reflect" substantial assistance to permitting the court to reduce a sentence "if" the defendant provided substantial assistance. See United States v. Tadio, 663 F.3d 1042, 1049 (9th Cir. 2011). In 2007 Rule 35(b) was amended to conform to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Fed. R. Crim. P. 35 Advisory Committee's Note, 2007 Amendments. Subdivision 35(b)(1)(B), which

3

required that a sentence reduction under Rule 35(b) was in accordance with the Sentencing Commission's guidelines, was deleted.  Id.

In Tadio, the case on which Morgan relies, the Ninth Circuit held that "[t]he most natural reading of the current language [of Rule 35(b)] is . . . that non-assistance factors may be considered symmetrically to allow a reduction that is either more or less than the reduction that the assistance, considered alone, would warrant."  Tadio, 663 F.3d at 1050.  The court also concluded that the 2007 amendments "anticipated that district courts would enjoy greater latitude to tailor sentence reductions in light of other statutory concerns than substantial assistance considered alone."  Id. at 1051 (quotation marks omitted).  Notably, the court was deciding for the first time whether non-assistance factors could justify a greater sentence reduction under Rule 35(b), not whether Rule 35(b)'s amendments undermined an earlier decision limiting the use of non-assistance factors.  Id. at 1051–52.

Even if we were persuaded by the Ninth Circuit's reasoning, we are still bound by our prior precedent rule to follow Manella.  The 2002 amendments, which were merely stylistic, and the 2007 amendments, which were written to conform Rule 35(b) to Booker, have not substantially undermined or overruled Manella.

4

Pepper, decided by the Supreme Court after Manella, also does not overrule Manella.  Pepper held that factors such as a defendant's rehabilitation can be considered "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing."  131 S.Ct. at 1241.  Pepper did not address what factors could be considered when granting a sentence reduction under a Rule 35(b).

In light of our decision in Manella, the district court did not err by declining to consider non-assistance factors in deciding Morgan's sentence reduction under Rule 35(b).

**AFFIRMED.**