**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,<br><i>Plaintiff-Appellee</i>,<br><br>v.<br><br>JOHN DOE,<br><i>Defendant-Appellant.</i></td><td>No. 14-10147<br><br>D.C. No.<br>3:95-cr-00319- MMC-7<br><br><br>OPINION</td></tr>
</table>

Appeal from the United States District Court
for the Northern District of California
Maxine Chesney, District Judge, Presiding

Submitted March 15, 2016[*]
San Francisco, California

Filed August 9, 2016

Before: M. Margaret McKeown, Kim McLane Wardlaw,
and Richard C. Tallman, Circuit Judges.

Opinion by Judge McKeown

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

The panel held that in granting a motion under Federal Rule of Criminal Procedure 35(b) for a sentence reduction on the basis of substantial post-sentencing assistance to the government, the district court did not err by failing to rule on controverted factual issues in accord with Rule 32(i)(3).

The panel held that Rule 35 does not incorporate Rule 32's requirement that the court make findings on disputed or controverted matters. Rule 32 pertains to sentencing, and a Rule 35(b) proceeding is not the equivalent of a de novo sentencing.

### COUNSEL

Walter K. Pyle, Berkeley, California, for Defendant-Appellant.

J. Douglas Wilson, Assistant United States Attorney; Barbara J. Valliere, Chief, Appellate Division; Melinda Haag, United States Attorney; United States Attorney's Office, San Francisco, California; for Plaintiff-Appellee.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

# OPINION

McKEOWN, Circuit Judge:

This appeal raises a novel legal issue: When considering a motion to reduce a sentence under Federal Rule of Criminal Procedure 35(b), must a court rule on controverted issues in accord with Federal Rule of Criminal Procedure 32(i)(3)?

In 2000, John Doe pleaded guilty to soliciting the murders of two of his associates. In a sworn plea agreement, Doe acknowledged that he had induced two co-conspirators to commit the murders, and the court sentenced him to forty years in jail. After sentencing, Doe gave the government information that enabled it to obtain guilty pleas from his co-conspirators. During discussions with the government, Doe backed away from the factual basis for his guilty plea, alternately claiming that he had nothing to do with the murders or that he did not orchestrate the murders.

Recognizing Doe's contribution, the government filed a motion under Rule 35(b), which allows a court to reduce a sentence if a defendant provides "substantial" post-sentencing assistance to the government. During the Rule 35(b) proceedings, both parties stipulated to numerous documents in the record. One of the government's documents noted that while Doe admitted to providing an alibi for a co-conspirator, he denied soliciting the murders.

The district court granted the motion and reduced Doe's sentence by six years, basing the extent of the reduction in large part on the "value" of Doe's substantial assistance to the government. The court noted that the co-conspirators did not mastermind the murders and that, although Doe didn't

personally carry out the murders, it was likely they would not have occurred without his involvement Federal since he thought of the plan. The court also explained that Doe's sentence had to be considerably longer than the sentences of his co-conspirators, who acted at his instigation.

The district court did not rule explicitly on which version of the facts—the admissions in Doe's plea agreement or the various accounts Doe later provided to the government—was accurate when it granted the government's Rule 35(b) motion. Doe did not object to the court's evaluation of the evidence during the Rule 35(b) hearing. He now argues that the district court committed plain error by failing to explicitly determine the true facts under Rule 32(i)(3).

We conclude that there was no error, let alone plain error, as Rule 35 does not incorporate Rule 32's requirement that the court make findings on disputed or controverted matters.

## ANALYSIS

We have jurisdiction over a Rule 35(b) order if the defendant alleges that the sentence reduction "was imposed in violation of law," 18 U.S.C. § 3742(a)(1), but not over "the [district] court's exercise of its discretion in choosing the amount of the sentence reduction awarded." *United States v. Tadio*, 663 F.3d 1042, 1045 (9th Cir. 2011). Because Doe's arguments target the legality of the district court's Rule 35(b) order, not the court's exercise of its discretion as to the degree of reduction, we have jurisdiction under § 3742.

The crux of this appeal rests on Doe's argument concerning the intersection of two Federal Rules of Criminal Procedure. The first, Rule 35(b)(1), allows a court to reduce

a defendant's sentence "[u]pon the government's motion made within one year of sentencing . . . if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). The second, Rule 32(i)(3)(B), states that a court "at sentencing":

> must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.

> According to Doe, Rule 32's requirement that district courts address any "controverted matter" at sentencing applies with equal force to Rule 35(b) proceedings. Thus, he argues, the district court plainly erred by failing to determine whether Doe in fact solicited the murders.

Unfortunately for Doe, his theory does not hold water. We start with the text of the two rules. As the title of Rule 32 underscores, subsection (i)(3)'s fact-finding mandate applies to "[s]entencing and [j]udgment," *see Begay v. United States*, 553 U.S. 137, 146 (2008) (looking to title of statute to interpret statutory language), whereas Rule 35(b) comes into play only if the defendant provides substantial assistance "after sentencing." By their plain terms, Rules 32 and 35(b) apply to different parts of the post-conviction process. Rule 32's requirements pertain to sentencing, separately from the

time Rule 35(b) kicks in.**[1]**  In other words, the district court did not plainly err by failing to rule on disputed facts when it ruled on the government's Rule 35(b) motion because the parties were not "at sentencing."**[2]**

This interpretation accords with our conclusion in *Tadio* that a Rule 35(b) proceeding "is not the equivalent of a *de novo* sentencing." 663 F.3d at 1055.  Other circuits similarly recognize that a Rule 35(b) order "modifies [a defendant's] existing sentence rather than imposes an entirely new sentence," *United States v. Hardman*, 778 F.3d 896, 901 (11th Cir. 2014), and acknowledge that there are key "procedural differences between original sentencing proceedings and modification proceedings," *United States v. Lightfoot*, 724 F.3d 593, 597 (5th Cir. 2013).  The Supreme Court, too, has characterized modification proceedings in an analogous situation as distinct from "plenary resentencing

---

**[1]** Of course, the parties can be "at sentencing" if an appellate court vacates the original sentence and remands for re-sentencing.  That is not the procedural posture of this case.

**[2]** Some circuits, including ours, "have allowed violations of Rule 32 to be addressed in timely Rule 35 motions." *United States v. Angiulo*, 57 F.3d 38, 41 (1st Cir. 1995) (collecting cases); *see also United States v. Roberson*, 896 F.2d 388, 388 (9th Cir. 1990), *amended on reh'g*, 917 F.2d 1158 (9th Cir. 1990) (holding that Rule 32 claim that presentence report was inaccurate could be raised in Rule 35 motion).  But as explained in *Angiulo*, "[t]his avenue of review . . . is properly seen as founded on former Rule 35(a), . . . [which] permits a district court to 'correct a sentence imposed in an illegal manner.'" 57 F.3d at 41 (quoting former Rule 35(a)); *see also Roberson*, 896 F.2d at 388 (applicable Rule 35 motion was for "correction of illegal sentence").  Doe does not argue that his underlying *sentence* was "imposed in an illegal manner"; instead, he argues that the subsequent Rule 35(b) proceedings were flawed.  Thus, *Roberson* and the line of cases cited in *Angiulo* are not applicable.

proceedings." *Dillon v. United States*, 560 U.S. 817, 827 (2010) (discussing modification proceedings under 18 U.S.C. § 3582(c)(2), which allows courts to modify a sentence based on a Guidelines range subsequently lowered by the Sentencing Commission). Indeed, Doe's counsel repeatedly emphasized the distinction between sentencing and a post-sentence reduction, stating during the Rule 35(b) hearing that a Rule 35 hearing is not a plenary resentencing, adding that the court is not going to sentence Doe in any genuine manner, and concluding that the parties were not before the court for a sentencing.

Apart from the text of the rules, there are other important differences between a Rule 35(b) proceeding and sentencing under Rule 32. Significantly, the availability of a Rule 35(b) reduction is contingent on the discretion of the government, whereas all criminal defendants go through sentencing proceedings under Rule 32. *See Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011) ("[A] defendant with nothing to offer the Government can gain no benefit from Rule 35(b)."). Unlike in sentencing proceedings, district courts are permitted, but not required, to consider the sentencing factors outlined in 18 U.S.C. § 3553(a) when ruling on a Rule 35(b) motion. *See Tadio*, 663 F.3d at 1052. Another key distinction is that defendants are constitutionally entitled to be present at sentencing, *see Brewer v. Raines*, 670 F.2d 117, 118–19 (9th Cir. 1982), but need not be present when "[t]he proceeding involves the correction or reduction of a sentence under Rule 35 or 18 U.S.C. § 3582(c)," Fed. R. Crim. P. 43(b)(4).

By asking the district court to choose between the legitimacy of the facts set forth in his plea versus his later-proffered testimony, Doe attempts to do indirectly what he is

precluded from doing directly: challenge the extent of the
district court's sentence reduction. And this, of course, is an
argument over which we would lack jurisdiction. *See Tadio*,
663 F.3d at 1045 (noting that we lack jurisdiction to review
the extent of the ultimate reduction in sentence on a Rule
35(b) motion).

The district court founded its sentence reduction on the
"value" of Doe's information that led to the conviction of his
co-conspirators after evaluating all of the documents and
statements provided by the parties and considering the
§ 3553(a) factors. The court had no obligation under either
Rule 32 or Rule 35 to make specific findings regarding
factual contradictions spawned by Doe himself.[3]

   **AFFIRMED.**

---

[3] We also reject Doe's argument that judicial estoppel prevents a court
from taking inconsistent positions; judicial estoppel is a doctrine that
applies to the parties, not the court. *New Hampshire v. Maine*, 532 U.S.
742, 750–51 (2001). In any event, we disagree with Doe's premise that
the court acted inconsistently.