United States Court of Appeals,

Eleventh Circuit.

No. 94-3546.

UNITED STATES of America, Plaintiff-Appellee,

v.

Francis John MANELLA, Defendant-Appellant.

June 25, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 91-175-CR-ORL-19), Patricia C. Fawsett, Judge.

Before COX and BARKETT, Circuit Judges, and MOORE[*], Senior District Judge.

PER CURIAM:

Francis John Manella appeals the district court's order granting the Government's Rule 35(b) motion to reduce Manella's sentence. This case involves the question of what factors a district court may consider in determining the extent of a Rule 35(b) sentence reduction. The factors considered by the district court in this case were appropriate under the rule. We affirm.

I. Facts and Procedural History

Manella and two others were named in an indictment that included four counts charging narcotics offenses and two forfeiture counts. Manella agreed to enter a guilty plea to Count One, which charged conspiracy to import 6,000 pounds of hashish into the United States in violation of 21 U.S.C. § 963 (1994). Pursuant to the plea agreement, Manella promised to cooperate with the Government in connection with the matters made the subject of the

[*]Honorable John H. Moore, II, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

remaining charges in the indictment and other investigations.  In return, the Government agreed to consider filing motions pursuant to United States Sentencing Guideline § 5K1.1 and Rule 35(b) of the Federal Rules of Criminal Procedure.[1]

Manella was sentenced in April 1992.  The sentencing court adopted the presentence investigation report ("PSI"), which concluded that Manella's base offense level was 36, and that he was entitled to a two-level downward departure for acceptance of responsibility.  On the Government's motion, the sentencing court also granted a three-level downward departure under U.S.S.G. § 5K1.1 for substantial assistance that Manella had provided prior to sentencing.  The court concluded that Manella's guideline range was 108 to 135 months, and sentenced him to 120 months imprisonment.

After sentencing, Manella continued to help the Government with several investigations of drug trafficking and other illegal activities.  The Government filed a Rule 35(b) motion in January 1993 to make the motion timely, advising the court that Manella continued to assist the Government, and requesting that an evidentiary hearing not be held until the completion of his assistance.  The court denied the motion, stating that it was familiar with Manella's assistance, and that no further reduction would be granted.  Manella appealed.  We held that the denial of the motion was a breach of Manella's plea agreement, and remanded

---

[1]United States Sentencing Commission, *Guidelines Manual* § 5K1.1 (Nov.1987).  Substantial assistance that is provided by the defendant prior to sentencing may serve as the basis for a downward departure under U.S.S.G. § 5K1.1 at sentencing. Substantial assistance provided after sentencing may serve as the basis for a sentence reduction under Rule 35(b).  *United States v. Howard,* 902 F.2d 894, 896-97 (11th Cir.1990).

for a hearing before a different district judge. *United States v. Manella,* 37 F.3d 635 (11th Cir.1994) (citing *United States v. Yesil ("Yesil I"),* 991 F.2d 1527 (11th Cir.1992)).

At the Rule 35(b) hearing, a second judge heard evidence of Manella's post-sentencing cooperation, and found that Manella's cooperation was "significant, useful, truthful, reliable, timely, extensive, at risk of danger or injury to himself and his family, and of substantial benefit to the Government."  (R. 1-205 at 4.) The Government recommended that Manella's sentence be reduced by sixty months.  The court granted a reduction of seven months.[2]  In determining the extent of the reduction granted, the court considered factors listed in 18 U.S.C. § 3553(a)(1) and (2) (1994), including "the nature and circumstances of the offense of conviction and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment."  (R. 1-205 at 5.)  The court also considered the leniency of the original sentence imposed.[3]

On appeal, Manella challenges the order granting a reduction in his sentence, arguing that the court misapplied Rule 35(b) when

---

[2]The court explained that it lowered Manella's offense level by one to yield the seven-month reduction.  The Government's recommendation would have required a six-level reduction in Manella's offense level.  *See* U.S.S.G. § 5A (sentencing table).

[3]The second judge noted that the first judge considered Manella's sentence to be lenient.  The second judge pointed to the first judge's statement that Manella was "one of the most culpable people involved in this case, and because you did come forward, I want you to realize that you're getting a real break, that under normal circumstances you'd be spending probably the rest of your life in jail for your culpability in this case.  But the court ... will sentence you to a hundred and twenty months...."  (R.2 at 15) (transcript of April 1992 sentencing hearing).

it considered factors other than his substantial assistance.  In its brief, the Government concedes, based on an unpublished opinion of this court, that the district court misapplied Rule 35(b).  At oral argument, the Government invited the court to reject the opinion as unpersuasive.  *See* 11th Cir.R. 36-2 (unpublished opinions are not binding authority, but are persuasive).

## II. Discussion

### A. Appealability

We must first determine whether we have jurisdiction over Manella's appeal, which is taken from an order granting him Rule 35(b) relief.  Because we view a district court's ruling on a Rule 35(b) motion as falling within the common sense meaning of an "otherwise final sentence," this court has held that appeals from such rulings are governed by 18 U.S.C. § 3742 (1994).  *United States v. Chavarria-Herrara,* 15 F.3d 1033, 1034-36 (11th Cir.1994); *Yesil I,* 991 F.2d at 1531 n. 4.[4]  This statute provides for limited

---

[4] 18 U.S.C. § 3742 provides for limited appellate review of "otherwise final sentence[s]."  Only the portion of the statute governing appeal by defendants is relevant here:

> (a) **Appeal by a defendant.**—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—
>
> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines;  or
>
> (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section

review of federal sentences; review is only available for certain claims by the defendant, and certain claims by the Government. A district court's decision to grant or deny a Rule 35(b) motion is a discretionary one from which an appeal generally will not lie under § 3742. *Yesil I,* 991 F.2d at 1531. But Manella does not challenge the merits of the district court's Rule 35(b) determination. Instead, Manella claims that the court misapplied Rule 35(b) by considering factors other than his substantial assistance. Thus, Manella's claim is that his sentence was imposed in violation of law. The sentence is appealable under § 3742(a)(1). *See Chavarria-Herrara,* 15 F.3d at 1034-35, 1037 (11th Cir.1994) (holding that the Government could appeal a Rule 35(b) determination under § 3742(b) where the Government's claim was that the district court misapplied Rule 35(b)).

B. Rule 35(b)

Because our exercise of jurisdiction is proper, we may address the issue presented by this appeal: whether the district

<div style="border-top: 1px solid black; width: 30%;"></div>

3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable....

On the issue of what statute governs the appealability of rulings on Rule 35(b) motions, the circuits are split. *Compare United States v. Arishi,* 54 F.3d 596, 599 (9th Cir.1995) (holding that appeals from Rule 35(b) rulings are governed by 18 U.S.C. § 3742) *and United States v. Pridgen,* 64 F.3d 147, 149 (4th Cir.1995) (same) *with United States v. McAndrews,* 12 F.3d 273, 277 (1st Cir.1993) (holding that appeals from Rule 35(b) rulings are governed by 28 U.S.C. § 1291). *See also United States v. Lee,* 46 F.3d 674, 677 (7th Cir.1995) (citing *McAndrews* for the proposition that the court had jurisdiction over an appeal from an order refusing to grant Rule 35(b) relief).

court properly considered factors that militated against granting a Rule 35(b) reduction in weighing the defendant's substantial assistance. The application of law to sentencing issues is subject to de novo review. *United States v. Robinson,* 935 F.2d 201, 205 (11th Cir.1991), *cert. denied,* 502 U.S. 1037, 112 S.Ct. 885, 116 L.Ed.2d 789 (1992).[5]

Rule 35(b) is the mechanism by which a district court may, on the Government's motion, reduce a sentence to reflect substantial assistance provided by the defendant to the Government after sentencing. Our interpretation of Rule 35(b) begins with the relevant portion of its text:

> **Reduction of Sentence for Changed Circumstances.** The court, on motion of the Government made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code....

*See Boca Ciega Hotel Inc. v. Bouchard Transp. Co.,* 51 F.3d 235, 237 (11th Cir.1995) (stating that the interpretation of a statute begins with its text).

In *Chavarria-Herrara,* we held that the district court misapplied Rule 35(b) when it granted a reduction that was based in part on factors other than the defendant's substantial assistance, including the defendant's first-time offender status, relative

---

[5]Rule 35 has the force and effect of a statute. *United States v. Cowan,* 524 F.2d 504, 505 (5th Cir.1975), *cert. denied sub nom. Woodruff v. United States,* 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976) (citations omitted). Decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981 are binding precedent in this circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981).

culpability, and good prison behavior.  15 F.3d at 1037;      *see*
*United States v. Aponte,* 36 F.3d 1050, 1051 (11th Cir.1994)
(applying the rule from  *Chavarria-Herrara* in the context of a
downward departure pursuant to 18 U.S.C. § 3553(e)).  Our decision
in *Chavarria-Herrara* was grounded in the language of the rule:
"The plain language of Rule 35(b) indicates that the reduction
shall reflect the assistance of the defendant;  it does not mention
any other factor that may be considered."  15 F.3d at 1037.

Manella argues that, under *Chavarria-Herrara,* the defendant's
substantial assistance is the sole factor that the district court
may consider on a Rule 35(b) motion.  He contends that the court
erred when it considered other factors that militated against a
reduction in his case.  But the facts in  *Chavarria-Herrara* are
distinguishable from this case.  In*Chavarria-Herrara,* the district
court's *reduction* of a sentence was based on factors other than
cooperation.  In Manella's case, the district court's  *refusal to
reduce* a sentence by the requested amount was based on factors
other than cooperation.  While relevant to our reading of Rule
35(b), *Chavarria-Herrara* does not control the issue presently
before us.

Manella also cites an unpublished opinion of this court in
support of his reading of Rule 35(b).  This court is not bound by
its unpublished opinions, but they are persuasive authority.  11th
Cir.R. 36-2.  In  *United States v. Yesil ("Yesil II"),*    as in
Manella's case, the case was remanded to a second district judge
for a Rule 35(b) evidentiary hearing.  No. 93-2499, slip op. at 2-
3, 48 F.3d 534 (11th Cir. Feb. 8, 1995).  At the Rule 35(b)

hearing, the second judge concluded that the defendants' sentences were "exceedingly lenient," and took this factor into account in determining the extent of the substantial assistance reduction granted. On appeal, we reversed and remanded with instructions for the district court to consider only the defendants' substantial assistance in making the Rule 35(b) determination. *Id.* at 4 (citing *Chavarria-Herrara,* 15 F.3d at 1037).

Manella is correct that he prevails if we adopt the holding in *Yesil II,* but we decline to do so. A careful reading of Rule 35(b) reveals that the text does not prohibit the consideration of any factor other than the defendant's substantial assistance. The rule states that "[t]he court ... may reduce a sentence to reflect a defendant's subsequent, substantial assistance...." Under this language, the only factor that may militate *in favor of* a Rule 35(b) reduction is the defendant's substantial assistance. Nothing in the text of the rule purports to limit what factors may militate *against* granting a Rule 35(b) reduction. Similarly, the rule does not limit the factors that may militate in favor of granting a smaller reduction.

The reading of Rule 35(b) urged by Manella is inconsistent with the principle that the district court's decision to grant or deny a Rule 35(b) motion is discretionary.[6] It is true that under

[6]Rule 35(b) was amended by the Comprehensive Crime Control Act of 1986, Pub.L. No. 98-473 § 215(b), 98 Stat. 1837, 2015. Under former Rule 35(b), the district court enjoyed great discretion in deciding whether to reduce a sentence. *United States v. Campbell,* 711 F.2d 159, 160 (11th Cir.1983). In some respects, the district court has less discretion under the revised rule. For example, the former rule allowed the district court to reduce a sentence within 120 days of its imposition, even in the absence of motion from either party. Under the

the current rule, the exercise of that discretion is limited by the requirement that the defendant be rewarded, if at all, only for substantial assistance.  *Chavarria-Herrara,* 15 F.3d at 1037.  But a reading of the rule that requires the district court to consider substantial assistance in isolation from any other factor leaves too little discretion for the court to exercise.

In this case, the district court weighed several factors against Manella's substantial assistance, including the seriousness of the offense and the need for the sentence imposed to promote respect for the law and provide just punishment.  The district court's consideration of these factors was based on 18 U.S.C. § 3553, which lists factors that the court is required to consider when imposing a sentence.[7]  Rule 35(b) does not prohibit the

---

revised rule, the district court may only reduce a sentence on the Government's motion.  *Howard,* 902 F.2d at 897.  Still, even after the 1986 amendment, the district court retains a great degree of discretion in deciding whether to grant or deny the Government's Rule 35(b) motion.  *Compare Aponte,* 36 F.3d at 1052 (11th Cir.1994) (according the same interpretation to Rule 35(b) and the statute authorizing substantial assistance departures at sentencing) *with United States v. Castellanos,* 904 F.2d 1490, 1497 (11th Cir.1990) (concluding that the district court's decision to grant or deny a substantial assistance departure at sentencing is discretionary).

[7]18 U.S.C. § 3553 reads in part:

> (a) **Factors to be considered in imposing a sentence.**—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—

consideration of these factors in deciding to what extent a defendant's sentence should be reduced for substantial assistance.

AFFIRMED.

_____

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; ...