[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15732
Non-Argument Calendar

_____

D. C. Docket No. 03-00073-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EFREM DARIOUS DOBSON,
a.k.a. Efrem Dobson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 21, 2008)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Efrem Dobson ("Dobson") pled guilty to drug conspiracy pursuant to a

written plea agreement with the government. The government then filed a Rule 35(b) motion on his behalf requesting a reduced sentence based on his substantial assistance in prosecuting other defendants. See Fed. R. Crim. P. 35(b). Proceeding pro se, Dobson now appeals the district court's order pursuant to the Rule 35(b) motion, in which the district court denied his motion for an evidentiary hearing and did not grant the sentence reduction to the full extent requested by the government.

First, Dobson argues that the district court's failure to hear evidence concerning his substantial assistance caused a breach of the plea agreement. He argues that once the court accepted his plea agreement, it was obligated to accept the government's proffered information concerning his cooperation.

We review the district court's decision whether to hold an evidentiary hearing on a Rule 35 motion for abuse of discretion.[1] United States v. Yesil, 991 F.2d 1527, 1531 (11th Cir. 1992).

In Yesil, we stated that a district court's discretion whether or not to grant an evidentiary hearing "is severely curtailed once that court accepts a plea bargain." Id. at 1531 (quotation omitted). Once the district court has accepted a plea bargain

---

[1] We do not review Dobson's claim of ineffective assistance of counsel because he did not raise the issue in his initial brief. See Allison v. McGhan Med. Corp., 184 F.3d 1300, 1317 n.17 (11th Cir. 1999) ("Issues that are not clearly outlined in an appellant's initial brief are deemed abandoned.").

obligating the government to make known to the court the nature and extent of a defendant's cooperation, the court is also obligated to accept the government's proffered information. Id. at 1532. The Rule 35(b) motion in Yesil did not detail the full extent of the defendant's cooperation, but urged the court to hold an in camera hearing because of the confidentiality concerns of an ongoing investigation. Id. Accordingly, we reversed the district court's order denying the motion and remanded for an evidentiary hearing and consideration of the Rule 35(b) motion. Id. at 1533. In United States v. Hernandez, we held that the district court, by denying an evidentiary hearing, had "effectively prevented the government from presenting its Rule 35 motion." 34 F.3d 998, 1001 (11th Cir. 1994). In Hernandez, the Rule 35(b) motion did not detail the defendant's cooperation due to security reasons. Id. at 1000.

In this case, the district court's denial of an evidentiary hearing did not prevent the government from presenting its Rule 35(b) motion or operate to breach the plea agreement because the government explained Dobson's cooperation fully and completely in the motion itself. The Rule 35(b) motion did not indicate that it was leaving out any information based on security reasons or suggest the need for an in camera evidentiary review. Accordingly, the district court did not abuse its discretion in denying Dobson's motion for an evidentiary hearing, and we affirm.

Second, Dobson challenges the amount of the sentence reduction ordered by the district court. The government requested that Dobson's sentence be reduced from 262 months to 168 months, but the district court chose to reduce the sentence to 210 months.

We have held that a district court's ruling on a Rule 35(b) motion is an "otherwise final sentence," for which review is governed by 18 U.S.C. § 3742. United States v. Manella, 86 F.3d 201, 202-03 (11th Cir. 1996) (quotation omitted). Under 18 U.S.C. § 3742:

> A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence--
>
> (1) was imposed in violation of law;
>
> (2) was imposed as a result of an incorrect application of the sentencing guidelines; or
>
> (3) is greater than the sentence specified in the applicable guideline range . . .; or
>
> (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). Under § 3742, our review of sentences is limited to the four enumerated circumstances, whereas a "district court's decision to grant or deny a Rule 35(b) motion is a discretionary one from which an appeal generally will not lie under § 3742." Manella, 86 F.3d at 203.

With regards to Dobson's challenge to the extent of the district court's substantial assistance reduction, we do not have jurisdiction under § 3742 to review his claim, and we dismiss his appeal on this issue.

Finally, construing Dobson's brief liberally, we conclude that Dobson raises an argument that the district court imposed his reduced sentence in violation of Rule 35(b) because it failed to give thoughtful consideration of the extent of his assistance to the government. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Although we lack jurisdiction to review the extent of a sentence reduction, we do have jurisdiction to consider a claim that Dobson's sentence was imposed in violation of law. See 18 U.S.C. § 3742(a)(1); Manella, 86 F.3d at 203.

"The application of law to sentencing issues is subject to de novo review." Manella, 86 F.3d at 203. However, a district court has discretion to grant or deny a Rule 35(b) motion. Id. at 204.

Rule 35(b) provides that, after a sentence has been imposed, upon motion of the government made more than one year after sentencing, a district court may reduce a defendant's sentence based on substantial assistance if the defendant's

5

substantial assistance involved information not known to the defendant, not useful to the government, or the usefulness of which was not reasonably anticipated by the defendant, until more than one year after sentencing. Fed. R. Crim. P. 35(b)(2). A careful reading of Rule 35(b) reveals:

> [T]he only factor that may militate in favor of a Rule 35(b) reduction is the defendant's substantial assistance. Nothing in the text of the rule purports to limit what factors may militate against granting a Rule 35(b) reduction. Similarly, the rule does not limit the factors that may militate in favor of granting a smaller reduction.

Manella, 86 F.3d at 204. "Rule 35(b) does not prohibit the consideration of [the 18 U.S.C. § 3553(a)] factors in deciding to what extent a defendant's sentence should be reduced for substantial assistance." Id. at 205. These factors include the history and characteristics of the defendant, and the need to reflect the seriousness of the offense, promote respect for the law, provide punishment and deterrence, and protect the public. 18 U.S.C. § 3553(a)(1), (2).

The record reflects that the district court properly considered the extent of Dobson's cooperation, as well as other permissible, relevant factors. The district court significantly reduced Dobson's sentence from 260 months to 210 months. The district court did not give the full reduction that the government requested because of Dobson's status as a career offender. Accordingly, to the extent Dobson challenges his reduced sentence as imposed in violation of law, the district

court did not abuse its discretion, and we affirm Dobson's sentence.

We affirm the district court's denial of Dobson's motion for an evidentiary hearing on the government's Rule 35(b) motion because the district court did not abuse its discretion in denying Dobson's motion. To the extent Dobson argues that his reduced sentence was imposed in violation of law, the district court did not abuse its discretion in imposing the reduced sentence, and we affirm Dobson's sentence. To the extent Dobson challenges the amount of the reduction in his sentence in the district court's order, we dismiss his appeal for lack of jurisdiction.

AFFIRMED IN PART; DISMISSED IN PART.