[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12474
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 02-00045-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEXTER HUBBARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 26, 2010)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Dexter Hubbard, proceeding pro se, appeals the district court's ruling on the government's motion for a reduction in his sentence, pursuant to Federal Rule of Criminal Procedure 35(b), based on Hubbard's substantial assistance to the government. Although the government asked for only a two-month reduction, the district court reduced Hubbard's sentence by 24 months, from 292 months' imprisonment to 268 months' imprisonment. On appeal, Hubbard argues that the district court should have given him a greater sentence reduction based on his wife's third-party cooperation with the government. Hubbard also contends that the government violated his due process and equal protection rights by misleading him about the extent of his reduction and arguing against him receiving a significant reduction.

To the extent Hubbard seeks to challenge the extent of his reduction or the weight given by the district court to his wife's cooperation, we lack jurisdiction to review these claims. See United States v. Manella, 86 F.3d 201, 203 (11th Cir. 1996) (explaining that generally we do not have jurisdiction to review a district court's discretionary decision to grant or deny a Rule 35(b) motion or the merits of the extent of any reduction).[1]

---

[1]Manella recognized an exception to this general rule if the defendant argues that the district court misapplied Rule 35 by, for instance, considering impermissible factors. 86 F.3d at 203. To the extent Hubbard contends his appeal falls within this exception, we disagree. The district court did not conclude as a matter of law that it lacked authority to consider his wife's

As to Hubbard's constitutional arguments, our review is for plain error because he did not raise them in the district court. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Here, we find no error, plain or otherwise. The government could not have violated Hubbard's due process rights "because the decision to file . . . a Rule 35(b) motion for resentencing lies within the sound discretion of the Government." United States v. Alvarez, 115 F.3d 839, 841 (11th Cir. 1997); see also Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458, 464-65, 101 S. Ct. 2460, 2464-65 (1981) (concluding that the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest). As for the violation of his equal protection rights, Hubbard did not allege that the government's decision to seek only a two-month reduction was based on an illegal classification, such as race or gender, ,and the record does not suggest any discriminatory motive. See Oyler v. Boles, 368 U.S. 448, 456, 82 S. Ct. 501, 506 (1962) (stating that an equal protection violation occurs when the decision was "based on an unjustifiable standard such as race, religion, or other arbitrary classification").

For these reasons, we affirm the district court's ruling on the Rule 35(b) motion.

---

cooperation. Instead, the district court concluded that it could consider such cooperation, but declined to do so in Hubbard's case.

3

**AFFIRMED.**