[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12172
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00101-JA-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHAD WARNER,
a.k.a. Ace,
a.k.a. Aceito,
a.k.a. Alex Rodriguez,
a.k.a. Willy Sosa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 9, 2014)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Chad Warner appeals pro se the denial of a motion by the government to reduce his sentence based on his substantial assistance. See Fed. R. Crim. P. 35(b). Warner argues that the district court violated his right to due process under the Fifth Amendment; considered allegedly improper sentencing factors; and should have exercised its discretion to reduce his sentence based on his substantial assistance. We affirm.

Warner argues that the district court violated his right to due process by considering his codefendant's statements that he was violent without giving him notice or an opportunity to respond, but Warner was given an opportunity to respond to the statements considered by the district court. When confronted with his codefendants' statements during the hearing on his motion to reconsider, Warner responded that the codefendants had "embellish[ed]" their stories. Warner did not request a continuance to rebut his codefendants' statements and, although the district court said it would not rule on Warner's motion to reconsider for a couple of weeks, Warner did not file a supplemental pleading refuting the statements.

Warner argues that the court erroneously relied on improper sentencing factors in denying the motion to reduce, but "[n]othing in the text of the rule

2

purports to limit what factors may militate against granting a Rule 35(b) reduction." United States v. Manella, 86 F.3d 201, 204 (11th Cir. 1996) (emphasis omitted).  Although Warner argues that the district court based its decision on his education and socioeconomic status, the district court did not mention those factors in its order denying the motion.  The district court was entitled to consider the statutory sentencing factors in making its decision, id. at 204–05, and the district court based its decision on the nature and circumstances of Warner's offense, his "history and characteristics," and "the need for [his] sentence to reflect the seriousness of the offense, promote respect for the law, provide punishment and deterrence, and protect the public."  We cannot reweigh those factors.

Warner challenges the refusal of the district court to reduce his sentence, but we will not review that discretionary decision.  The denial of a motion to reduce is an "otherwise final sentence" that can be reviewed only in four enumerated circumstances: if it is "imposed in violation of law"; involved "an incorrect application of the sentencing guidelines"; exceeds the "applicable guideline range"; or is "imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."  18 U.S.C. § 3742.  Warner does not mention any of these exceptions in his brief.

We **AFFIRM** the denial of Warner's motion to reduce his sentence.