[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11173
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-20893-DLG-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEXANDER AYALA-SERNA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 3, 2013)

Before CARNES, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Alexander Ayala-Serna appeals a district court order partially granting the government's motion for a reduction in his sentence for substantial assistance under Federal Rule of Criminal Procedure 35(b).

## I.

Ayala pleaded guilty to one count of conspiracy to import five kilograms or more of cocaine into the United States. At sentencing, Ayala faced a United States Sentencing Guidelines (U.S.S.G.) range of 262 to 327 months imprisonment, based on a total offense level of 39 and a criminal history category of I. He also faced a mandatory minimum term of 10 years imprisonment under 21 U.S.C. § 960(b)(1)(B). The government filed a motion to reduce Ayala's sentence under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 for having provided substantial assistance to the government prior to his sentencing. The district court granted this motion, and sentenced Ayala to 131 months imprisonment.

While serving his sentence, Ayala continued to provide assistance to the government. In September 2011, the government rewarded this cooperation by filing a motion under Rule 35(b) requesting that Ayala's sentence be reduced by an additional 55 percent to reflect his "substantial assistance in the prosecution of others." After a hearing, the district court granted the government's motion in part, reducing Ayala's sentence by an additional 31 months (or 23.7 percent) to 100 months imprisonment, with credit for time already served. In making its

determination, the district court weighed the government's "extraordinary request" against the "gravity" of Ayala's offense, the fact that his initial sentence was based, in part, on a supervisory enhancement, the leniency of Ayala's original sentence, and the need for fairness in sentencing. Ayala then filed a motion for reconsideration, arguing that the district court relied on improper factors in reaching its Rule 35(b) determination, which the district court denied. This appeal followed.

## II.

Ayala raises two issues on appeal. First, he reiterates his claim that the district court relied on improper factors in refusing to grant the full reduction in his sentence that the government requested. Second, he argues that the district court abused its discretion in denying his motion for reconsideration of its order reducing his sentence.

A district court's decision to grant or deny a Rule 35(b) motion is a discretionary one that generally may not be appealed. United States v. Manella, 86 F.3d 201, 203 (11th Cir. 1996) (citing 18 U.S.C. § 3742). A limited exception to this general rule exists where the petitioner asserts that the district court's order as to the Rule 35(b) motion "imposed [a sentence] in violation of law." See id. In such instances, our review is de novo. Id.

Ayala's first argument is that the district court's order partially granting the government's Rule 35(b) motion resulted in an illegal sentence because the court based its revised sentencing determination "on factors other than Mr. Ayala's post-sentence substantial assistance, including [18 U.S.C.] § 3553(a) factors such as his role in the offense and the amount of narcotics involved."[1]  This argument is squarely foreclosed by our precedent.  See Manella, 86 F.3d at 204 (rejecting petitioner's argument that "the court erred when it considered other factors that militated against a [Rule 35(b)] reduction in his case," including § 3553 factors, because "[n]othing in the text of the rule purports to limit what factors may militate against granting a Rule 35(b) reduction" or "factors that may militate in favor of granting a smaller reduction").  Thus we are bound to reject this argument.  United

---

[1]  Ayala also argues that the district court misapplied Rule 35(b) because its decision was based on "the court's personal 'policy' on substantial assistance," and because the court "erroneously combined [his] pre-sentence substantial assistance with his post-sentence substantial assistance in arriving at a total reduction [it] thought appropriate," cf. Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (indicating that "Rule 35(b) permits a district court . . . to reduce a sentence to reflect a defendant's substantial assistance rendered after the entry of judgment").  We do not decide the merits of either of these claims, however, because we do not interpret the trial judge's comments to mean what Ayala suggests.  Ayala's argument regarding the court's "personal 'policy'" is drawn from the Rule 35(b) hearing, where the court stated "when I see a request of this magnitude, it is really counter to the Court's policy on these subjects."  In context, we read this statement to encompass the totality of factors the court considered in ruling on the government's Rule 35(b) motion, "including the seriousness of [Ayala's] offense and the need for the sentence imposed to promote respect for the law and provide just punishment."  See Manella, 86 F.3d at 205.

Ayala's claim regarding the district court's "erroneous[] combin[ation]" of his pre- and post-sentence assistance is based on the wording of the district court's order denying his motion for reconsideration.  In that order, the court noted that Ayala received a substantial assistance reduction of 131 months based on his pre-sentence assistance, and an additional reduction of 31 months based on his post-sentence assistance, for a "total reduction of 162 months off his original low end guidelines range of 262 months."  Contrary to Ayala's assertion, this language merely recounts the sentence reductions Ayala received.

States v. Sneed, 600 F.3d 1326, 1332 (11th Cir. 2010) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.").[2]

Ayala's second argument—that the district court abused its discretion in denying his motion for reconsideration—amounts to an attack on the merits of the district court's Rule 35(b) determination.  Because the scope of our review does not extend to the merits of the district court's ruling on the government's Rule 35(b) motion, we are unable to consider this challenge.  See Manella, 86 F.3d at 203; see also 18 U.S.C. § 3742(a).

## III.

For these reasons, we affirm.

**AFFIRMED.**

---

[2]  We are not persuaded by Ayala's suggestion that the Supreme Court's decision in Dillon v. United States, ___ U.S. ___, 130 S. Ct. 2683 (2010), undermined Manella.  Dillon dealt with the narrow range of circumstances in which a district court can modify a defendant's sentence pursuant to a retroactive amended guideline and mentions Rule 35(b) only by way of analogy.  See id. at ___ U.S. ___, 130 S. Ct. at 2692.  Dillon did not address the proper factors to be considered by a district court in applying Rule 35(b).  See id.