[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14626
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-505-SCJ-ECS-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

TERRY TYRONE HARDMAN,
a.k.a. Terry Hardman,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 6, 2015)

Before MARCUS, WILLIAM PRYOR, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Terry Hardman pleaded guilty to conspiring to possess five kilograms of cocaine with the intent to distribute and was initially sentenced to 235 months' imprisonment.  After sentencing, he provided substantial assistance to the government, so the government twice requested modifications of his sentence under Federal Rule of Criminal Procedure 35(b).  The district court granted both requests, ultimately reducing Hardman's sentence to 188 months.  In ruling on the second Rule 35(b) motion, the court denied Hardman's request for an additional 20-month reduction.  Hardman now appeals, contending that the court's sentence modification was procedurally unreasonable.  After reviewing the record and considering the parties' briefs, we affirm.

## I.

Hardman pleaded guilty to conspiring to possess five kilograms of cocaine with the intent to distribute.  At sentencing, the district court determined that his Sentencing Guidelines range was 262 to 327 months with a statutory minimum of 240 months.  But after granting the government's U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) motion for a downward departure based on substantial assistance, the court sentenced Hardman to 235 months' imprisonment, the bottom of his adjusted Guidelines range.  Hardman did not file a direct appeal, but he did continue to assist the government.

Seventeen months later, the government moved for a 12-month reduction in Hardman's sentence under Rule 35(b), which allows the government to file a postsentencing motion requesting that the sentence of a defendant who has

provided substantial assistance be reduced.[1]  The district court granted this motion, reducing Hardman's sentence from 235 months to 223 months.

A few months later, the government requested an additional 35-month reduction in Hardman's sentence, which would bring it down to 188 months.  In response, Hardman urged the district court to not only grant the government's second Rule 35(b) motion but also to go further and reduce his sentence to 168 months.  In his view, an additional 20-month reduction was warranted for three reasons: (1) the government's motion did not count all of his cooperation; (2) his cooperation had placed himself and his family in danger; and (3) this reduction would place his sentence in line with that of a coconspirator who had been convicted as a result of his postconviction assistance.

At the hearing on the second Rule 35(b) motion, the government argued that the cumulative 74-month reduction that it sought accurately reflected the degree of Hardman's assistance.[2]  The government also explained why Hardman and his coconspirator were not similarly situated.  Although their offense conduct and criminal history category were the same, Hardman had received a two-level enhancement for possession of a firearm and had five qualifying prior convictions under 21 U.S.C. § 851 compared to one by his coconspirator.  The government thus concluded that a further reduction was unwarranted.

---

[1] Although such motions must generally be made "within one year of sentencing," the government may move for a reduction beyond this period under certain circumstances. *See* Fed. R. Crim. P. 35(b)(1)–(2).

[2] This figure represents the difference between a sentence of 262 months (the bottom of Hardman's initial Guidelines range) and 188 months (the term requested by the government in its second Rule 35(b) motion).

Hardman supported his further-reduction request by emphasizing that he had always provided the government with truthful information even if all of it did not constitute "substantial assistance." Additionally, both he and his mother told the district court about the danger that his family was in because of his cooperation, pointing to specific incidents that they believed were acts of retaliation. Lastly, he noted that four of his prior convictions involved relatively small quantities of drugs (i.e., a few grams) and one was for robbery, but his coconspirator's prior conviction was for involuntary manslaughter. Hardman thus concluded that when viewed holistically, their histories were similar enough to justify reducing his sentence to 168 months, the sentence his coconspirator received.

After having the benefit of oral argument and considering the sentencing factors in 18 U.S.C. § 3553(a) and the factors in Guideline § 5K1.1, the district court granted the government's second Rule 35(b) motion and declined Hardman's request for an additional reduction. Hardman's sentence was reduced to 188 months. This appeal timely followed.

Once Hardman filed his opening brief, the government moved to dismiss based on the appeal waiver in his plea agreement. We denied the motion, holding that this provision did not waive his right to appeal a Rule 35(b) sentence modification. With briefing now complete, this appeal is ripe for review.

4

## II.

Before reaching the merits of Hardman's appeal, we must first address our jurisdiction.  *See United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).  "Section 3742 establishes 'a limited practice of appellate review of sentences in the Federal criminal justice system.'  S. Rep. No. 225, 98th Cong., 2d Sess. 149 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3332."  *United States v. Chavarria-Herrara*, 15 F.3d 1033, 1035 (11th Cir. 1994).  This statute permits appellate review of "an otherwise final sentence," 18 U.S.C. § 3742, and we have held that because rulings on Rule 35(b) motions fall within the commonsense meaning of this phrase, they are appealable in accordance with § 3742, *Chavarria-Herrara*, 15 F.3d at 1034–35.  Even so, we have noted that "[a] district court's decision to grant or deny a Rule 35(b) motion is a discretionary one from which an appeal generally will not lie under § 3742" because this statute does not permit challenges to the merits of the decision or the extent of the reduction.  *United States v. Manella*, 86 F.3d 201, 203 (11th Cir. 1996).  At the same time, we have recognized that appellate jurisdiction exists where the appellant challenges the district court's application of Rule 35(b) because doing so calls into question whether the modification was imposed in violation of law.  *Id.*

Here, Hardman claims that his sentence was modified in violation of law, specifically that the district court's ruling on the second Rule 35(b) motion was procedurally unreasonable; he thus concludes that jurisdiction lies under § 3742(a)(1).  The government responds that we lack jurisdiction.  The gist of its

5

argument is that binding circuit precedent forecloses Hardman's allegations of error and thus jurisdiction does not lie over his appeal.  We disagree.

The government's argument conflates a lack of merit with a lack of jurisdiction.  At bottom, whether we have subject-matter jurisdiction is a question of our constitutional or statutory *power* to hear Hardman's appeal rather than the merit of his appeal.  *See e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S. Ct. 1003, 1010 (1998).  Of course, this rule is not ironclad.  For example, federal courts may dismiss for lack of subject-matter jurisdiction "when the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Id.* (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666, 94 S. Ct. 772, 777 (1974)) (internal quotation marks omitted).  But even if our precedent forecloses Hardman's allegations that the district court modified his sentence in violation of the law—a conclusion about the merits of his appeal—his allegations come nowhere close to falling within this narrow exception.  Put simply, to decide whether Hardman's "sentence was 'imposed in violation of law,' we must address the merits."  *United States v. Lightfoot*, 724 F.3d 593, 595 (5th Cir. 2013).  Our conclusion that jurisdiction exists is consistent with not only our precedent, *see Manella*, 86 F.3d at 203; *Chavarria-Herrara*, 15 F.3d at 1034–35, 1037, but also that of our sister circuits, *see Lightfoot*, 724 F.3d at 595 & n.6 (finding jurisdiction under similar circumstances and collecting cases from our circuit as well as the First, Fourth, Seventh and Ninth Circuits).

6

### III.

Turning to the merits, we review whether the district court imposed a sentence in violation of law de novo. *Manella*, 86 F.3d at 202–03.[3] Hardman contends that the district court's ruling on the second Rule 35(b) motion was procedurally unreasonable, and thus imposed in violation of law, in three ways.[4] We consider each contention in turn.

### A.

Hardman contends that the district court erred by failing to consider the sentencing factors in § 3553(a), specifically subsection (a)(6)'s requirement that courts avoid unwarranted "sentence disparities among defendants with similar records who have been found guilty of similar conduct." In his view, the district court violated this requirement by rejecting his request to have his sentence reduced to 168 months, the sentence imposed on his coconspirator. This contention is unavailing.

---

[3] Hardman contends that we review the district court's Rule 35(b) ruling for reasonableness in the wake of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). *See Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007) ("Our explanation of 'reasonableness' review in the *Booker* opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions."). This contention is incorrect. Neither *Booker* nor any post-*Booker* binding precedent has changed the standard of review that applies to sentence modifications under Rule 35(b). Thus, we remain bound by *Manella* under the prior-panel-precedent rule. *See United States v. Patron*, 749 F.3d 1329, 1331 (11th Cir. 2014) (discussing narrowness of our circuit's prior-panel-precedent rule).

[4] The parties dispute whether Hardman properly preserved his objection, and each contends that we should apply a different standard of review. We need not resolve this dispute, however, because we conclude that Hardman's arguments are meritless under even de novo review.

7

To be sure, "Rule 35(b) does not prohibit the consideration of [the § 3553(a)] factors in deciding to what extent a defendant's sentence should be reduced for substantial assistance." *Manella*, 86 F.3d at 205. So in ruling on a Rule 35(b) motion, a district court does not err by considering these factors to decide the extent of the warranted reduction. *Id.* But our caselaw is clear: "the only factor that may militate in favor of a Rule 35(b) reduction is the defendant's substantial assistance." *Id.* at 204. Thus, the district court was not required to consider the need to avoid unwarranted sentencing disparities.

Even more importantly, *Manella* teaches that the district court would have committed reversible error—imposed a sentence modification in violation of law—had it reduced Hardman's sentence an additional 20 months based on any factor other than his substantial assistance. This is true regardless of whether Hardman is correct that he and his coconspirator are so similarly situated that the 20-month difference in their sentences constitutes an unwarranted disparity under § 3553(a)(6). Accordingly, we conclude that the district court did not err by refusing to grant an additional 20-month reduction for the sole purpose of remedying the putative unwarranted sentence disparity between him and his coconspirator.

**B.**

Hardman contends that the district court committed procedural error by not considering his nonfrivolous "mitigating arguments" or "mitigating factors": his additional, truthful assistance and the risk of danger to himself and family resulting

8

from his cooperation.  In short, he claims that the district court must consider the factors in Guideline 5K1.1 when deciding the extent of a Rule 35(b) reduction because the distinction between substantial-assistance reductions under § 5K1.1 (and 18 U.S.C. § 3553(a))[5] and those under Rule 35(b) is one of timing rather than substance.  *See United States v. Orozco*, 160 F.3d 1309, 1313 (11th Cir. 1998) ("[W]e have clarified the 'temporal framework' involved with the government's acknowledging a convicted defendant's substantial assistance *prior* to sentencing in a section 5K1.1 motion *at* sentencing and the government's rewarding a convicted defendant's substantial assistance to the government *after* sentencing with a Rule 35(b) motion.").

Hardman's contention is belied by the record.  During the hearing on the second Rule 35(b) motion, the district court specifically noted that the danger inherent in the assistance Hardman provided was an important consideration and that the extent of his reduction accounted for that danger and his assistance.  We thus conclude that the district court did not commit a procedural error in granting the government's request for a sentence modification under Rule 35(b).

## C.

Finally, Hardman contends that the district court failed to adequately explain its reasons for the reduction he received, specifically why it rejected his nonfrivolous mitigating arguments.  Essentially, he asserts that the court failed to

---

[5] Section 5K1.1 permits the district court to grant a substantial-assistance departure from only the Sentencing Guidelines; thus, the government must also file a motion under 18 U.S.C. § 3553(e) to request a departure from a statutory-minimum sentence, as it did in this case.

9

comply with § 3553(c) and the Supreme Court's guidance on the need for reasoned explanations in sentencing decisions. *See Rita v. United States*, 551 U.S. 338, 356–57, 127 S. Ct. 2456, 2468 (2007). We conclude from the record, however, that this contention is without merit. Thus, assuming *arguendo* that § 3553(c) applies to Rule 35(b) rulings, we hold that the district court did not commit procedural error in modifying Hardman's sentence.

## IV.

Having carefully considered the record and the parties' briefs, we conclude that Hardman's allegations of procedural error lack merit. Accordingly, we affirm the district court's sentencing modification, reducing Hardman's sentence to 188 months, and Hardman's sentence.

AFFIRMED.