[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13759
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20322-UU-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO PEDROSO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 23, 2019)

Before MARCUS, WILSON and HULL, Circuit Judges.

PER CURIAM:

Armando Pedroso appeals the district court's denial of his second pro se motion to compel the government to file a Fed. R. Crim. P. 35 motion or to hold a hearing on why it has not filed such a motion. After thorough review, we affirm.

We review the application of law to sentencing issues de novo. United States v. Manella, 86 F.3d 201, 203 (11th Cir. 1996) (appeal from order granting the government's Rule 35 motion). We review the denial of a defendant's request for a sentence reduction without an evidentiary hearing for abuse of discretion. See United States v. Winfield, 960 F.2d 970, 972 (11th Cir. 1992) (appeal from order denying defendant's Rule 35 motion seeking reduction of sentence). Issues not argued in the appellant's initial brief are deemed abandoned. United States v. Moran, 778 F.3d 942, 985 (11th Cir. 2015).

Rule 35(b) permits the district court, upon the government's motion, to reduce a defendant's sentence after it has been imposed if the defendant provides substantial assistance in the investigation or prosecution of another person. Fed. R. Crim. P. 35(b)(1). The government has a power, but not a duty, to file a substantial assistance motion. Wade v. United States, 504 U.S. 181, 185-86 (1992) (discussing motions under U.S.S.G. § 5K1.1); see United States v. McNeese, 547 F.3d 1307, 1309 (11th Cir. 2008) (extending Wade to Rule 35(b) motions). The prosecutorial discretion to refuse to file a substantial assistance motion is subject to judicial review only if it is based on an unconstitutional motive, like the defendant's race or religion, or is not rationally related to any legitimate government end. Wade, 504 U.S. at 185-86. For a district court to exercise judicial review over the government's decision regarding a substantial assistance motion, the defendant must both allege a constitutionally

2

impermissible motive and make a substantial showing that the government's refusal to file a substantial assistance motion is because of that motive. United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) (addressing a § 5K1.1 motion). Consequently, when a defendant merely claims he provided substantial assistance or makes generalized allegations of improper motive, he is not entitled to a remedy or even to an evidentiary hearing. Wade, 504 U.S. at 186.

Here, the district court did not err in denying Pedroso's motion without an evidentiary hearing because Pedroso did not allege that the government's refusal was based on an improper motive or not rationally related to any legitimate government end. Instead, Pedroso argued only that he had provided substantial assistance through the information he provided about his codefendants and coconspirators. Moreover, as the record reveals, the government gave its reasons at sentencing for not moving for a downward departure based on substantial assistance, explaining that, while Pedroso participated in a debriefing and was generally truthful, the information he provided did not rise to the level of substantial assistance, and he had lied about his girlfriend's involvement in the conspiracy. Pedroso does not argue that these reasons were not rationally related to a legitimate government purpose, so he has abandoned that claim on appeal. Id. at 185-86; Moran, 778 F.3d at 985. As for Pedroso's claim -- raised for the first time on appeal -- that the government's refusal was based on his race and national origin, he is not

3

entitled to relief or an evidentiary hearing because he presents only general allegations of improper motive and has not pointed to any evidence to support his claim.  Wade, 504 U.S. at 186-87.  On this record, the district court properly concluded that it could not review the government's decision about the filing of a Rule 35 motion and did not err in denying the motion to compel without an evidentiary hearing.

Finally, to the extent that Pedroso argues that the government's refusal to file a Rule 35 motion constitutes a breach of the plea agreement, that claim also fails. His plea agreement expressly provided that the government was not required to file a Rule 35 motion and had the sole, unreviewable discretion to determine whether Pedroso's cooperation warranted a substantial assistance motion.  The district court specifically discussed this provision of the plea agreement at the change of plea hearing, and Pedroso testified that he understood all of the terms and conditions of his plea agreement and had discussed them with counsel.  Because the government never promised to file a substantial assistance motion, it has not breached the plea agreement by not moving for a sentence reduction under Rule 35.  Accordingly, we affirm the denial of Pedroso's motion to compel without an evidentiary hearing.

**AFFIRMED**.

4