[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12397
_____

D.C. No. 1:17-cr-00035-DHB-BKE-1


UNITED STATES OF AMERICA,

Plaintiffs-Appellees,

versus

ANTHONY TYRONE ROPER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 15, 2021)

Before WILSON, NEWSOM and ED CARNES, Circuit Judges.

PER CURIAM:

Anthony Roper challenges the district court's denial of the government's

Rule 35(b) motion for a reduction of his sentence.  Roper, who pleaded guilty for

his involvement in a scheme to fraudulently obtain government contracts, fully cooperated with the government's ongoing investigation both before and after his sentencing. His cooperation following sentencing led directly to the conviction of another individual. Though the government sought to credit Roper for his substantial assistance, the district court did not grant its Rule 35(b) motion for reduction of sentence. Roper appeals the district court's denial of the government's motion. After careful review, we affirm.

I.

Anthony Roper, a former U.S. Army Lieutenant Colonel (later promoted to Colonel), played an important role in a scheme to obtain government contracts under the Small Business Administration's (SBA) 8(a) program. Roper's coconspirator, Calvin Lawyer, established a small company, CREC Group, which was eligible for government contracts under the SBA's 8(a) program, an initiative to provide advantages to economically and socially disadvantaged businesses. In reality, when CREC Group won a government contract, it used employees of Kratos—an ineligible, separate, and larger company—to perform the work. During this time, Roper held various positions with the Army that allowed him (1) to ensure that CREC Group obtained large government contracts and (2) to share sensitive information with Lawyer to give him a competitive advantage. For this,

2

Roper accepted 13 bribes amounting to nearly $200,000. The scheme itself generated millions of dollars.

Roper was indicted and charged with four counts of procurement integrity fraud, three counts of bribery, three counts of false statements, and one count of obstruction of justice. He faced a sentence of 324 to 405 months. In a written agreement, Roper pleaded guilty to only one count of procurement integrity fraud and the government dismissed all remaining charges. Following the plea agreement, Roper faced a maximum sentence of only 60 months.

Roper cooperated with the government and provided substantial assistance in its other related investigations. So prior to sentencing, the government filed a U.S.S.G. § 5K1.1 motion for sentence reduction. It characterized Roper's cooperation as "significant to very significant" and expressed that Roper had been of great value to the government in its other ongoing investigations. The district court, however, denied the motion and sentenced Roper to 60 months in prison and three years of supervised release. Roper did not appeal the sentence or the denial of the § 5K1.1 motion.

After sentencing, Roper continued to cooperate with the government. His continued cooperation led to the guilty plea of another individual, Anthony Williams. To credit Roper, the government filed a Rule 35(b) motion, which allows the government to move for sentence reduction if a defendant, after

sentencing, provides substantial assistance in a case against another individual.

Fed. R. Crim. P. 35(b).  The government again characterized Roper's cooperation

as "significant to very significant."  The district court subsequently held a hearing

on the motion.

At the hearing, both the government and Roper presented undisputed factual

proffers of Roper's substantial assistance.  After fully hearing each side, the district

court denied the Rule 35(b) motion.  While the court did not enter a written order,

the hearing transcript contains a four-page-long explanation of the court's ruling.

The court's reasoning includes the egregious nature of Roper's crime, his lenient

sentence, and his perceived lack of remorse.

## II.

We review the application of law to sentencing issues de novo.  *United

States v. Manella*, 86 F.3d 201, 203 (11th Cir. 1996) (per curiam).  However, we

review sentencing arguments that a party raises for the first time on appeal for

plain error.  *United States v. Bonilla*, 579 F.3d 1233, 1238 (11th Cir. 2009).

Roper did not object at the Rule 35(b) hearing and thus raises this issue for

the first time on appeal.  But Roper argues that the district court did not provide

him with the opportunity to object, so we should continue with a de novo review.

While we have held that the district court must "elicit fully articulated objections"

following its imposition of a sentence, *United States v. Jones*, 899 F.2d 1097, 1102

(11th Cir. 1990), *abrogated on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993), we have not published an opinion on whether this general requirement applies with equal force to Rule 35(b) proceedings. But we need not answer that question here because Roper's argument fails under both de novo and plain-error review.

### III.

Roper appeals the district court's decision denying the Rule 35(b) motion for two reasons. First, Roper argues that the district court erred because it did not consider his cooperation and failed to make factual findings on the record of his substantial assistance. Second, he argues that it erred by using his substantial assistance against him. To be clear, Roper does not ask us to answer the question of whether the court should have granted the government's Rule 35(b) motion. Instead, we must answer the question of whether the district court properly applied Rule 35(b). In other words, this is not a matter of who should have won the game, but a matter of whether the court played by the rules. We find that it did.

### *A.*

We turn first to Roper's argument that the district court misapplied Rule 35(b) by failing to consider and make factual findings regarding his substantial assistance.

5

We are not persuaded by Roper's argument that our decision in *United States v. Yesil* requires a more explicit consideration of the facts. In *Yesil*, the district court denied the government's Rule 35(b) motion without an evidentiary hearing over the objections of the government and defendants that it needed to consider the full scope of the defendants' cooperation in camera. *See United States v. Yesil*, 991 F.2d 1527, 1529–30 (11th Cir. 1992). Thus it was the district court's refusal to hear the evidence that constituted error. *Id.* at 1532. Here, by contrast, there is no indication that the district court failed to consider or accept the undisputed factual proffers of Roper's cooperation. At the beginning of the hearing on the motion, the government reiterated that Roper's cooperation was significant to very significant and resulted in a successful prosecution. Unlike in *Yesil*, neither party contends that the government's proffer did not fully explain the extent of Roper's cooperation. Nor does either party argue that the district court refused to hear any evidence. As such, *Yesil* does not support Roper's argument that the district court erred by failing to consider his cooperation more fully.

We similarly reject Roper's argument that we should require the district court to make explicit findings as to the defendant's level of cooperation when the government moves for a sentence reduction under Rule 35(b). Rule 35(b) does not require such findings because, even if the defendant substantially cooperated, the court retains discretion to deny the motion. We would presume the court exercised

6

its discretion regardless, but here we know it did because of its discussion of reasons for denying the motion.

Roper also argues that the record reflects an *explicit* refusal to consider his substantial assistance where the district court stated "I don't think so" in response to a hypothetical statement it attributed to the government. Doc. 164 at 5. The government counters that the record reflects the opposite. For one, the court stated at sentencing that it would later consider a Rule 35(b) motion. Doc. 163 at 125. For another, it further recognized that Roper "did the right thing" during the Rule 35(b) hearing. Doc. 164 at 8. However, we need not engage with these arguments. Our decision rests on our reading of the record in its entirety, which shows that the district court heard all evidence and refused none, and provided an explanation that demonstrates a reasoned basis for denying the motion. As such, the district court did not err.

*B.*

Next, we turn to Roper's argument that the district court erred in using his substantial assistance as reason to deny the government's Rule 35(b) motion. Specifically, he takes issue with the court's statement that the "benefit flowing to him as a result of a Rule 35 or § 5K1 motion under these circumstances is nothing more than a compounding of the theft that he's already committed." Doc. 164 at 7. Roper characterizes this statement as the court considering his substantial

assistance as a factor weighing against a reduction of sentence, and thus a misapplication of Rule 35(b). We disagree.

"A careful reading of Rule 35(b) reveals that the text does not prohibit the consideration of any factor other than the defendant's substantial assistance." *Manella*, 86 F.3d at 204. In *United States v. Chavarria-Herrara*, we held that, under Rule 35(b), the district court's *reduction* of a sentence may not be based on factors other than cooperation. *United States v. Chavarria-Herrara*, 15 F.3d 1033, 1037 (11th Cir. 1994). But in *United States v. Manella*, we recognized that this rule does not apply when the district court *refuses to reduce* a sentence. *Manella*, 86 F.3d at 204. There, a district court may consider factors in accordance with 18 U.S.C. § 3553. *Id.* at 205.

Contrary to Roper's argument on appeal, the record does not show that the district court considered his substantial assistance as a factor weighing against a reduction. When the court stated that any further reduction would just add to the theft Roper had committed, it was not suggesting that cooperation was a reason for denying the motion. It was recognizing that, in light of the nature of his crime and Roper's already-generous sentence, anything more is undeserved. By doing so, the district court did not misapply Rule 35(b). The record indicates that the district court weighed several factors against Roper's substantial assistance, such as the nature of the scheme and the need for the sentence to provide just punishment.

8

These factors were appropriate for consideration. *See Manella*, 86 F.3d at 205.

For this reason, the district court did not err.

IV.

The district court did not misapply Rule 35(b) when denying the

government's motion for sentence reduction. Accordingly, we affirm.

**AFFIRMED.**