[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14644
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-00011-DHB-BKE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY R. WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 19, 2021)

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Anthony Williams received a 60-month sentence for conspiracy to commit an offense against the United States.  He appeals the district court's denial of the government's Federal Rule of Criminal Procedure 35(b) motion to reduce his sentence based on his substantial assistance in prosecuting one of his coconspirators.  He argues that the district court erred as a matter of law by failing to evaluate his substantial assistance and by categorically refusing to consider the government's Rule 35(b) motion based on an impermissible factor: that he is a retired U.S. Army Colonel.  Williams argues that the district court believed that high ranking military officers should comply with the law without an expectation of leniency and that they should not be eligible for sentence reductions under Rule 35(b).  He argues that the district court violated his right to due process and misapplied the law by imposing this standard.

We first determine whether we are vested with jurisdiction to consider Williams's appeal.  *See United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).  We review our own jurisdiction de novo.  *Id.*  Upon motion by the government, a district court may reduce a sentence if the defendant has provided substantial assistance in investigating or prosecuting another person.  Fed. R. Crim. P. 35(b).  Because we view a district court's ruling on a Rule 35(b) motion as an "otherwise final sentence," we have held that such rulings are governed by 18 U.S.C. § 3742.  *United States v. Manella*, 86 F.3d 201, 202–03 (11th Cir. 1996)

2

(per curiam).  Section 3742 only allows for limited review of federal sentences.  *Id.*

In *Manella*, we noted that the district court's decision to deny or grant a Rule 35(b)

motion is discretionary, and that generally such a decision will not be appealable

under § 3742 because a defendant may not challenge the merits of the

determination or the extent of the reduction.  *Id.*  However, we do have jurisdiction

to hear a challenge that the district court misapplied Rule 35(b)—like Williams

argues here—because that is an argument that the sentence was imposed in

violation of law, which is permitted by § 3742(a)(1).  *Id.* at 203.  We therefore

have jurisdiction over Williams's appeal.

On the merits, we review the application of law to sentencing issues de

novo.  *Id.*  We find that the district court did not misapply Rule 35(b) or otherwise

commit legal error in denying the government's motion.

First, we disagree with Williams's argument that the district court violated

his right to due process.  A prosecutor has the discretion to file a Rule 35(b) motion

when a defendant has provided substantial assistance but is not required to.  *See*

*Murphy v. United States*, 634 F.3d 1303, 1313 (11th Cir. 2011).  As such, we have

held that these motions produce no protected right to give rise to a due process

claim.  *See United States v. Alvarez*, 115 F.3d 839, 841 (11th Cir. 1997),

*superseded on other grounds by* Fed. R. Crim. P. 35(b).

3

We also disagree with Williams's argument that the district court misapplied Rule 35(b). The only factor that may militate in favor of a Rule 35(b) reduction is the defendant's substantial assistance. *Manella*, 86 F.3d at 204. However, Rule 35(b) does not limit what factors may militate against granting a Rule 35(b) motion. *Id.* (declining to adopt a prior unpublished opinion that vacated and remanded the denial of a Rule 35(b) motion on the basis that the defendant's sentence was already "excessively lenient").

There is no indication that the district court failed to consider Williams's level of cooperation, or the facts related to his cooperation. In fact, the record shows that the district court explicitly acknowledged that the government had found that Williams cooperated in a substantial to very substantial manner and listened to the parties' undisputed arguments related to his cooperation. And the district court did not impose a categorical rule that retired military officers could not receive a sentence reduction under Rule 35(b), as Williams contends. Rather, the record demonstrates that the district court permissibly considered several factors in denying the government's motion, including the seriousness of the offense, the need to deter powerful individuals from abusing their power, and Williams's already-lenient sentence, in addition to his history and characteristics as a U.S. Army Colonel. The district court noted that it had higher expectations for Army officers and that Williams and individuals like him who have gained so

4

much from the government should cooperate with the government without a "price tag." However, the district court did not state that all Army officers should be precluded from a substantial-assistance reduction, and the district court thoroughly considered the motion with respect to Williams as an individual. Accordingly, we affirm.

**AFFIRMED.**