[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-10952
Non-Argument Calendar

_____

D. C. Docket No. 01-00015-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD F. REAGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 17, 2006)**

Before BIRCH, CARNES  and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-appellant, Donald F. Reagan appeals the district court's denial of his motion to terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(1). Reagan argues that (1) under Federal Rule of Criminal Procedure 32.1(c), which governs supervised release, he should have received an evidentiary hearing before the district court denied his motion, and (2) the district court erred in denying his motion. Because the district court does not have to hold an evidentiary hearing before refusing to modify a defendant's term of supervised release and did not abuse its discretion in denying Reagan's motion, we AFFIRM.

## I. BACKGROUND

On 24 September 2001, the district court sentenced Reagan to six concurrent sentences of 40 months imprisonment for three counts of mail fraud and one count each of wire fraud, conspiracy to launder monetary instruments, and tax evasion . The court also sentenced Reagan to five years of supervised release as to four of his counts, and three years of supervised release as to the two remaining counts, also to run concurrently.

On 12 November 2002, Reagan filed a motion for specific performance of his plea agreement, arguing that it provided that forfeiture of certain properties would satisfy his obligations with regard to restitution. The court initially denied the motion as premature. When Reagan resubmitted it, the court again denied it,

2

this time finding that the forfeiture provision of the plea agreement, taken in context, could not reasonably be read "to mean that any forfeiture would satisfy all restitution obligations." R2-87 at 3. Reagan appealed the district court's order. We held that the district court did not have jurisdiction to consider Reagan's argument for specific performance of the plea agreement, and was required to dismiss the motion on remand. We later denied his petition for rehearing en banc.

Sixteen months after Reagan was released from prison and while his motion for specific performance was pending, Reagan filed a motion to terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(1). He argued that termination was warranted because he had fulfilled "all of the obligations" mandated by the court, he "ha[d] been gainfully employed since his release from incarceration," and he "ha[d] never had not had a disciplinary action" during the time he had been on supervised release. R2-91 at 5. The district court noted that Reagan had only served 16 months of his 60-month term of supervised release and denied the motion because "[h]aving considered the relevant factors, and the input of the Probation Office, [it found] that [Reagan] ha[d] not shown that early termination of supervised release [was] warranted." R2-93. On appeal, Reagan argues that he

should have received an evidentiary hearing before the district court denied his motion and that the district court erred in denying his motion.[1]

## II. DISCUSSION

A. <u>Evidentiary Hearing Requirement</u>

Reagan argues that the district court failed to follow established procedures in denying his motion to terminate supervised release without holding an evidentiary hearing pursuant to Federal Rule of Criminal Procedure 32.1(c).[2] We consider the application of law to sentencing issues <u>de novo</u>. <u>United States v. Manella</u>, 86 F.3d 201, 203 (11th Cir. 1996) (per curiam).

Rule 32.1(c)(1) states that, "before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel." Fed. R. Crim. P. 32.1(c)(1). The plain language thus merely requires a court to hold an evidentiary hearing before <u>modification</u> of a term of supervised release. <u>Id.</u> A refusal to terminate supervised release does not constitute a modification of the term of supervised release. Accordingly, the district court was not required to hold an evidentiary hearing before denying Reagan's motion. <u>See</u>

---

[1]Although Reagan's appeal was not timely, the district court determined that Reagan had demonstrated excusable neglect in filing it.

[2]Reagan mistakenly cites Federal Rule of Criminal Procedure 32.1(b), but he quotes Rule 32.1(c), which is the rule governing modifications of supervised release. Rule 32.1(b) governs revocation of supervised release and is inapplicable to this appeal.

United States v. Nonahal, 338 F.3d 668, 671 (7th Cir. 2003) (explaining that the terms of Rule 32.1(c) do "not compel the court to hold a hearing before refusing a request for modification").

B. Termination of Supervised Release

Reagan also argues that, because he has fulfilled his restitution obligations, the district court erred in denying his motion.[3] Congress, except where it has required imposition of a term of supervised release by statute, has given district courts discretion to decide who needs supervised release and who does not. 18 U.S.C. § 3583(a); see also Johnson v. United States, 529 U.S. 694, 709, 120 S. Ct. 1795, 1805 (2000). Accordingly, we review cases involving modification of supervised release under 18 U.S.C. § 3583(e) for abuse of discretion. See United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003) (confirming that sentences of supervised release are reviewed for abuse of discretion); see also United States v.

_____

[3]As an initial matter, contrary to the government's contention, our jurisdiction to hear Reagan's appeal does not stem from 18 U.S.C. § 3742. Section 3742 applies to an appeal of a final sentence that was (1) imposed in violation of law; (2) imposed as a result of an incorrect application of the sentencing guidelines; (3) greater than the maximum guideline range for the crime in question; or (4) unreasonable, and imposed for an offense for which there is no guideline. 18 U.S.C. § 3742(a). Reagan is technically not appealing his sentence; he is appealing the district court's denial of his motion to terminate supervised release. Though granting his motion would change his sentence, Reagan's motion is predicated on the contention that there is no need to continue supervised release, not on any of the above grounds for appeal. We thus review Reagan's claim under 28 U.S.C. § 1291, which provides for review of all final district court orders.

5

Copeland, 20 F.3d 412, 413 (11th Cir. 1994) (per curiam) (reviewing revocation of supervised release for abuse of discretion).

Under 18 U.S.C. § 3583(e)(1), after considering the factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release in which the defendant has already served at least one year. Before terminating supervised release, the court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Supervised release was designed to "improve the odds of a successful transition from the prison to liberty." Johnson, 529 U.S. at 708-09, 120 S. Ct. at 1805 (2000). The goal is, in part, to facilitate training and rehabilitation, including restitution. Id. at 709, 120 S. Ct. at 1805. The statute's requirement that courts examine 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7) before terminating supervised release, however, indicates that these were not Congress's only goals; the nature and circumstances of the offense, deterrence, public protection, correctional treatment, the guideline range established for the offense, pertinent government policies, uniformity of sentences among defendants committing the same types of crimes are all also considerations related to supervised release. See 18 U.S.C. §§ 3553(a), 3583(e)(1).

6

Here, after consultation with Reagan's probation officer, the district court found that considerations other than restitution warranted maintaining supervised release. Given the variety of other goals, both rehabilitative and retributive, as well as the small fraction of the term served, denial of Reagan's motion for modification was not an abuse of discretion.

## III. CONCLUSION

Donald F. Reagan appeals the district court's denial of his motion to terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(1). Federal Rule of Criminal Procedure 32.1(c) requires a hearing only for modification of supervised release, not for denial of a motion to modify it. Further, we find the district court did not abuse its discretion in denying Reagan's motion to terminate his supervised release. Accordingly, we **AFFIRM**.