RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0035p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 18-2267

JOSEPH EDWARD MARSHALL,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:17-cr-20813—Gershwin A. Drain, District Judge.

Decided and Filed: February 4, 2020

Before: SUTTON, BUSH, and READLER, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Richard M. Helfrick, FEDERAL COMMUNITY DEFENDER , Detroit, Michigan, for Appellant. Julie A. Beck, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

SUTTON, Circuit Judge. Joseph Marshall asked a district court to terminate his supervised release ahead of schedule. The district court denied the request and Marshall appealed. Lacking jurisdiction to review the ruling, we dismiss the appeal.

In 2008, Marshall pleaded guilty to conspiring to distribute oxycodone. *United States v. Marshall*, No. 6:07-cr-00111-DCR-REW (E.D. Ky. June 6, 2009). A district court sentenced

him to 118 months of prison plus six years of supervised release.  *Id.*  After completing his sentence, Marshall began supervised release in 2016.  Even though required to stay in Kentucky, Marshall moved to Illinois, violating a release condition.  To simplify things, the sentencing district court transferred jurisdiction over his supervised release to the Northern District of Illinois.  The district court briefly revoked Marshall's release as punishment for the violation.  It then imposed another five years on supervised release, to run concurrently with the six years remaining on his initial sentence.

Marshall started the new term in April 2016.  Later that year he moved again, this time to Michigan and this time with permission.  The Northern District of Illinois transferred his case to the Eastern District of Michigan.  For the next year, Marshall made positive strides, and the probation office took notice.  It recommended an early end to his supervised release.  Marshall filed an unopposed motion to end the supervision.  But the court denied his request, reasoning that Marshall had completed little of the release term and had violated the conditions before. Marshall appealed.

What statute, if any, allows us to review a district court's decision to deny a motion for early termination of supervised release?  Two possibilities come to mind:  § 3742, the statute that permits us to review "an otherwise final sentence," and § 1291, the statute that provides a general grant of appellate jurisdiction to review "final" judgments.  18 U.S.C. § 3742(a); 28 U.S.C. § 1291.  Neither one does the trick.

"[T]here is no constitutional right to an appeal," whether in a civil or a criminal case. *Abney v. United States*, 431 U.S. 651, 656 (1977).  Any right to appeal must come from Congress.  In the typical criminal case in the past, when a defendant sought review of a new sentence, § 1291 empowered circuit courts to hear such appeals.  *Flanagan v. United States*, 465 U.S. 259, 263 (1984).  But in 1984, Congress enacted § 3742 and reformed sentencings along the way.  Pub. L. No. 98-473, 98 Stat. 1837 (1984) (effective Nov. 1, 1984, codified at 18 U.S.C. § 3742).  It limits the challenges a defendant may bring to his sentence to four alleged mistakes:

the sentence

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a); *United States v. Bowers*, 615 F.3d 715, 718–19 (6th Cir. 2010). A criminal defendant today thus may not seek review "of an otherwise final sentence" unless he can show his appeal falls into one of the four categories. 18 U.S.C. § 3742(a). Section 1291 in some discrete situations remains available to criminal defendants; it's just not a path generally available for appealing a sentence. *Bowers*, 615 F.3d at 718–19; *United States v. Martirossian*, 917 F.3d 883, 886–87 (6th Cir. 2019).

In appealing the trial court's refusal to end his supervised release, Marshall does not satisfy § 3742(a). A first condition of any appeal under the provision is the imposition of a sentence and an appeal within 14 days. Fed. R. App. P. 4(b)(1)(A). That did not happen as a predicate to this appeal. Yes, the court issued its original conviction and sentence in 2008. But Marshall never appealed that judgment. And yes, the court issued an amended sentence after Marshall broke the conditions of release in 2016. But Marshall never appealed this new sentence and new term of supervised release either. The district court did not issue a new sentence or an amended sentence before this appeal. It merely denied Marshall's request to reduce, in truth to end, the provision in his sentence about supervised release.

That the law allows a criminal defendant to seek a reduction in his term of supervised release does not change things. Supervised release counts as part of the punishment that a district court may include when "imposing . . . a term of imprisonment." 18 U.S.C. § 3583(a). The length of the term varies, and continued release remains conditional. *Id.* § 3583(b), (d).

After the court sets the term, the district court retains authority to revoke a defendant's release and send him back to prison, or extend the release term, or change the conditions of release, or, if all goes well, end the term of conditional release early. *Id.*

But none of this gives a right to appeal every time a defendant loses a motion to reduce his supervised-release term. It's simply not a new "otherwise final sentence." *Id.* § 3742. Just as a criminal defendant may not seek review of every denial of a motion to modify or end his underlying sentence, the same is true for unrequited efforts to modify a term of supervised release.

It may be that Marshall has filed a notice of appeal "for review of an otherwise final sentence." 18 U.S.C. § 3742(a). But no new sentence was imposed within 14 days of this appeal.

It may be that Marshall targets a district court decision—not to end his term of supervised release—that *affects* his sentence. But that does not suffice to create an imposed sentence eligible for appeal.

Marshall may be right that *United States v. Bowers* does not control the outcome of his case. 615 F.3d at 720–22. But the decision does not help him either. *Bowers* ruled that defendants must use § 3742, not § 1291, to appeal a sentence reduction motion made under § 3582(c)(2). *Id.*; 18 U.S.C. § 3582(c)(2). At no point, however, did it say or even suggest that defendants may appeal every denied motion to reduce a sentence or for that matter vacate a conviction.

Section 1291 does not fill this gap. In channeling criminal appeals through § 3742, Congress signaled that the specific appellate statute, not the general one, would govern most, if not all, appeals of convictions and sentences.

Marshall points to some decisions that *assume* § 1291 provides authority to hear an appeal like his. But most of them are unpublished decisions that do not bind future panels in their own circuits, let alone ours. *See, e.g.*, *United States v. Uribe*, 735 F. App'x 338, 338 (9th Cir. 2018). As for the published decisions, they assumed jurisdiction to hear the appeal, nothing

more. *United States v. Spinelle*, 41 F.3d 1056, 1057 (6th Cir. 1994). Such "drive-by jurisdictional rulings . . . have no precedential effect." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Marshall points to an unpublished case that takes a different approach, but it does not persuade. *United States v. Reagan*, 162 F. App'x 912, 914 n.3 (11th Cir. 2006) (per curiam). *Reagan* rejected the notion that a defendant must satisfy § 3742 because the defendant "is appealing the district court's denial of his motion to terminate supervised release," not his sentence. *Id.* But § 3742 tells us to look at the target of his appeal, not its source in the district court's docket. As the court seemed to recognize in its next breath: "Though granting his motion would change his sentence." *Id.* The court proceeded to decide that § 1291 sufficed to permit review because the defendant's "motion [was not] predicated . . . on any of the [§ 3742] grounds for appeal." *Id.* True enough. But that does not mean we should review a case under § 1291 every time § 3742 does not apply. The implication of failing to satisfy the specific requirements of § 3742 is just the opposite—that no jurisdiction exists, not that a defendant may use the general jurisdiction statute for appeal. Plenty of trial court decisions affecting sentences remain ineligible for review, including many consequential ones. *Martirossian*, 917 F.3d at 886–87.

What about the possibility that the district court's decision met the requirements of the statute because it (1) relied on clearly erroneous facts, (2) failed to consider the factors listed in 18 U.S.C. § 3553(a), and (3) did not allow Marshall to allocute in violation of Criminal Rule 32.1(c)? Even if one of these things happened, Marshall leaps over the first question. Did the district court make these mistakes while *imposing* a sentence? It did not.

That's all there is to it: When § 3742(a) tells us a defendant may appeal a sentence "imposed in violation of law," that means he must point to errors that occurred when the court imposed that sentence or modified it. And declining to modify a sentence does not "impose" a sentence. *United States v. Doe*, 932 F.3d 279, 281 (5th Cir. 2019) (("When the district court denies a [sentence reduction] motion, it does not impose[] a sentence; it declines to impose[] one.") (quotation omitted)).

In the not-so-long-ago days of mandatory guidelines, it's worth adding, "[e]very Circuit . . . held that [§ 3742] does *not* authorize a defendant to appeal a sentence [on the ground] the district court abused its discretion in refusing to depart." *United States v. Ruiz*, 536 U.S. 622, 627 (2002). And in this circuit, § 3742 still restricts when a defendant can challenge a district court's decision to adhere to an existing sentence even after the Sentencing Commission retroactively changes the applicable guideline range. *Bowers*, 615 F.3d at 723–27.

We dismiss the appeal for lack of jurisdiction.